# DISTRICT COURT OF THE UNITED STATES,

## FOR THE

# DISTRICT OF VERMONT,

## MAY TERM, 1847.

---

### UNITED STATES *v.* ONE SORREL HORSE.

A horse, brought from an adjacent foreign territory into the United States for the purpose of sale, or of being kept here, either for use or sale, is within the sense and object of the first section of the statute of 1821, which provides, that every person, coming into the United States from an adjacent foreign territory, with " *merchandize* " subject to duty, shall deliver at the office of the collector of customs a manifest of the merchandize. But a horse brought in, not for any such purpose, but as a mere instrument of conveyance in the prosecution of a temporary journey on business, or a visit, is not brought in as merchandize, and is therefore not within the purview of the statute.

Reasonable cause, sufficient to justify seizure, means probable cause ; it imports a seizure under circumstances which warrant suspicion.

THIS was an information against a horse, seized as forfeited for having been imported or brought from Canada into the United States in violation of the revenue laws thereof. The facts constituting the alleged importation, as specially found by the jury, under the direction of the court, were, that the horse was driven by the claimant, harnessed before another horse, in a single sleigh containing no goods, wares, or merchandize subject to duty, from Canada into the district of Vermont, not for sale or to be kept in the country for use, but in the prosecution of a journey to the state of Maine, on business of a temporary nature, with the intention of returning with the horses and sleigh to the claimant's place of residence in Canada, immediately after the accomplishment of his business. The question was, whether, upon the facts so found, there having been no report or entry made, manifest delivered, or duties paid, the horse was liable to seizure and forfeiture.

*C. Linsley*, district attorney, for United States.

*L. B. Peck* for claimant.

PRENTISS, J.   The forfeiture claimed in this case, if it can be claimed under any of the provisions of the revenue laws, must be claimed under the provisions of the act of 1821.   The ninety fourth section of the act of 1799 is confined, by its terms, to importations of " horses, cattle, sheep, swine, or other beasts," by water, in vessels or boats; and the one hundred and sixth section of the same act is applicable only to cases of " vessels, boats, rafts, and carriages," arriving in districts on the northern and northwestern boundaries of the United States, " *containing* goods, wares, or merchandise subject to duty."

The first section of the act of 1821 is broad enough to embrace, and undoubtedly does embrace, every mode whatever of importing or bringing into the United States, from an adjacent foreign territory, merchandize subject to duty, either by land or by water.   It provides, that every person, coming into the United States from an adjacent foreign country, with merchandize subject to duty, shall deliver at the office of the collector of customs a manifest of the merchandize; and, on neglect to do so, the merchandize, imported or brought in, shall be forfeited.

Horses may not be usually included in the term *merchandize;* but being objects of trade and commerce, they may be called merchandize, within the meaning and intention of the act, whenever they are imported or brought into the country as such.   A horse brought from an adjacent foreign territory into the United States for the purpose of sale, or of being kept here either for use or sale, horses being subject to duty, is within the sense and object of the act.   But a horse brought in, not for any such purpose, but as a mere instrument of conveyance in the prosecution of a temporary journey on business, or a visit, is not brought in as merchandize, and is therefore not within the purview of the act.   To hold otherwise would be to adopt a construction, which would not only be particularly embarrassing and vexatious in its effects upon the ordinary intercourse between the residents on the opposite sides of the frontier line, but would be productive of much inconvenience in its more general operation.   The case under consideration, then, on the facts found by the jury, being not within the meaning, intention, or policy of the act, the horse in question was not subject to seizure and forfeiture.

It was said in argument, that this construction of the act would open the way to fraudulent evasions of the law, and expose the officers of the customs to peril in the execution of their duties. To be sure, it may be difficult always to know what the intention of a traveller is, in regard to the horse he is riding or driving. The real purpose may be different from the ostensible or professed purpose ; but in every case the officers will act as the circumstances may require. If they make a seizure, exercising reasonable discretion in the matter, they will incur no hazard; for they will be protected from an action by a certificate of reasonable cause. The objection of fraud or evasion, then, supposing a different construction of the act not absolutely precluded by the considerations which have been presented, is of little weight, since the officers of the customs are at liberty to make seizure, and will be protected in doing so, in every case where there is reasonable cause of suspicion. There must be judgment therefore on the verdict for the claimant.

A motion for a certificate of probable cause was subsequently filed.

PRENTISS, J, The motion for a certificate of reasonable cause for the seizure has been in some measure anticipated in the remarks made upon the merits of the case.

Reasonable cause must be understood to mean the same as probable cause. "Probable cause," says MARSHAL, Ch. J., "does not mean *prima facie* evidence, or evidence which, in the absence of exculpatory proof, would justify condemnation. It means less than evidence which would justify condemnation. It imports a seizure made under circumstances, which warrant suspicion. This is its legal sense." *Locke* v. *United States*, 7 Cranch 339. Again he says : "A doubt as to the true construction of the *law* is as reasonable a cause for seizure, as a doubt respecting the *fact*." *United States* v. *Riddle*, 5 Cranch 311.

Adopting the definition of reasonable cause thus given, the facts attending the case, supposing there to have been no ground for doubt as to the law, afforded reasonable cause for the seizure. The seizing officer had such information beforehand, from Canada, of the design to bring the horse, which was a valuable and saleable

United States *v.* One Sorrel Horse.

horse, into the United States, as would naturally induce a belief, that an evasion of the revenue laws was intended; and, when brought in, the horse was driven before another horse in a single sleigh, with a harness upon him made of the cheapest materials, appearing to have been put together to answer a temporary purpose, with one person only, and no loading in the sleigh, in a manner to warrant suspicion. A certificate, therefore, ought to be granted.