UNITED STATES *v.* TWO HUNDRED AND EIGHT BAGS OF KAINIT.

*(District Court, D. South Carolina. January 24, 1889.)*

1. CUSTOMS DUTIES—VIOLATION OF LAWS—FORFEITURE.
    When property afloat is brought ashore in contravention of the revenue laws of the United States, it cannot be forfeited unless the act was done with actual intention to defraud the United States on the part of the owner, or of some person acting under his authority, or who is the agent of the owner, or of the person from whom the owner derives title.

2. SAME.
    When property afloat is feloniously taken from the possession of the owner, and is brought ashore in contravention of the laws of the United States, and then seized by the officers of customs, it will not be forfeited as against the true owner.

*(Syllabus by the Court.)*

Information under Sections 2872–2874, Rev St.
*H. A. De Saussure*, Asst. U. S. Dist. Atty.
*Smythe & Lee* and *Bryan & Bryan*, for claimant.

SIMONTON, J. The facts of this case, as found by the testimony, are these: The Norwegian bark Swaren came to this port from Bremen, with a cargo of kainit, a non-dutiable article. She was duly entered in the custom-house. An inspector went aboard of her. She discharged her cargo at the wharf of the Etiwan Phosphate Company, the owners of the cargo. The master and inspector reported that the cargo was fully discharged. The vessel left the Etiwan wharf, and dropped down the stream about a mile and a half, opposite to Marshall's wharf. While in that position, at night, in small boats, the 208 bags of kainit in question were brought from the ship to the wharves, and concealed in the city of Charleston. This was done with intent to unlawfully appropriate property of the Etiwan Phosphate Company. The kainit was seized by the officers of the government, and this libel and information filed. The Etiwan Phosphate Company file their claim as owners of the property. The question, then, is, where property afloat is unlawfully taken from the possession of its owner, and is brought ashore in contravention of the revenue laws of the United States, must the property be forfeited, and the innocent owner remanded to his application to

the treasury department for relief? Whatever doubt may have existed on this subject, it has been removed by the act of 1874, (18 U. S. St. at Large, 189,) which makes an actual intention to defraud an essential question in suits to enforce forfeiture under the custom laws. *Sinn* v. *U. S.*, 14 Blatchf. 550; *Lewey* v. *U. S.*, 15 Blatchf. 1. The question of fact which I must pass upon is "whether the alleged acts were done with an actual intention to defraud the United States." 1 Supp. Rev. St. p. 80, § 16; *The Purissima Concepcion*, 24 Fed. Rep. 358. This means an actual intent on the part of the owner, or of some person acting under his authority, or being his agent, or under whom he derives title. *U. S.* v. *Diamonds*, 30 Fed. Rep. 364. In this case the master and stevedore of the vessel had informed the claimant that all the cargo was discharged. Without the knowledge of the claimant, they concealed 208 bags of kainit in the ship. They left claimant's wharf and service, and then clandestinely and furtively sent the kainit ashore. Under the circumstances stated, the claimants cannot be charged with the consequences of this act, so as to forfeit their property. But the action of the collector in seizing this kainit was founded on probable cause. This action also brought to the knowledge of the true owner the fact that his property had been stolen, and preserved it for him. While the delay in filing the information and libel prevents me from charging the kainit with the heavy bill for storage, it should pay the items of labor, $2.40, and of drayage, $10.50. So, also, the filing of the information discovered the facts which exonerate the claimant. Upon payment of these items, and of the costs of court, let the stipulation heretofore entered into by claimant be released.