### UNITED STATES v. GULARAS.

(Circuit Court of Appeals, Ninth Circuit. April 2, 1923.)

No. 3871.

Customs duties ☞130—Automobile temporarily brought into United States without knowledge of owner is not subject to forfeiture.

> An automobile manufactured in Canada and rented by the owner there for use only as a taxicab in Canada, but used without the owner's knowledge or consent to bring intoxicating liquors into the United States, is not subject to forfeiture under Rev. St. § 3082 (Comp. St. § 5785), as having been brought in without being entered or declared, where there was no intention that the vehicle should remain in the United States, but it was used only for transportation purposes.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Libel by the United States of America against one McLaughlin touring automobile, of which Angelo Gularas was claimant. From a judgment dismissing the libel, the United States appeals. Affirmed.

Thomas P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash.

George B. Cole and John Wesley Dolby, both of Seattle, Wash., and J. D. McPhee, of Vancouver, B. C., for appellee.

Before GILBERT and HUNT, Circuit Judges, and RUDKIN, District Judge.

HUNT, Circuit Judge. Libel against an automobile manufactured in Canada, on the ground that the automobile was unlawfully imported into the United States by Roberts in October, 1920. The District Court found that in June, 1920, the automobile was sold under a conditional sale contract to Gularas, a Canadian, claimant herein; that Gularas made a contract with one Sherman, also a Canadian, to operate the automobile only as a taxicab in Vancouver, B. C.; that Sherman turned the automobile over to Roberts to drive as a taxicab in Vancouver, B. C., and that Roberts, in October, 1920, transported whisky from British Columbia to the United States and failed to report the arrival of the automobile into the United States, or to make any entry with the customs officials; that thereafter the customs authorities seized the vehicle, because it was not entered or declared in the United

States; that when the automobile was seized it was being used to carry intoxicating liquor, and for no other purpose; that it was being so used for temporary purposes only, and that the user intended to return the automobile to British Columbia; that the owner of the automobile knew nothing of what was being done, or the use being made of the automobile, and in the best of faith believed that the machine was being used as a taxicab in Vancouver.

The District Court concluded that the machine was not subject to forfeiture under section 3082 of the Revised Statutes of the United States (Comp. St. § 5785), and therefore dismissed the information for libel. The government relies upon section 3082, which provides that, if any one shall fraudulently or knowingly import or bring into the United States any merchandise contrary to law, or shall receive, conceal, or in any manner facilitate the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported contrary to law, the merchandise shall be forfeited, and the offender shall be fined, and on trial, when the defendant is shown to have, or to have had, possession of such goods, such possession shall be deemed evidence sufficient to authorize a conviction, unless the defendant shall explain the possession of the merchandise to the satisfaction of the jury.

We are of the opinion that under the facts the case is not within the purview of the statute just cited. There was no intention whatever that the automobile should remain within the United States, nor was it brought into the United States with the knowledge of the owner. On the contrary, it was fraudulently taken by the driver and used by him for an illegal purpose. The case is quite like that of United States v. One Sorrel Horse, Fed. Cas. No. 15,953, 27 Fed. Cas. 315, where a man drove a horse from Canada into Vermont. The horse was not to be kept in the United States, but was driven across the line in the prosecution of business of a temporary nature; the driver having the intention of returning the horse to the owner's residence in Canada immediately after the accomplishment of the business. Judge Prentiss considered whether, under the facts so found, although there had been no report or entry made or duty paid, the horse was liable to seizure and forfeiture, and held that a horse brought into the United States from adjacent foreign country, and kept in the United States for use or sale, was within the sense and object of the statute; yet that, where the animal was brought in not for any such purpose, but merely as an instrument of conveyance in the prosecution of a temporary journey on business or a visit, it was not brought in as merchandise, and was therefore not subject to forfeiture. He added:

"To hold otherwise would be to adopt a construction which would not only be particularly embarrassing and vexatious in its effects upon the ordinary intercourse between residents on the opposite sides of the frontier line, but would be productive of much inconvenience in its more general operation."

See United States v. Two Hundred and Eight Bags of Kainit (D. C.) 37 Fed. 326; The Cargo ex Lady Essex (D. C.) 39 Fed. 765.

We find no ground for holding that forfeiture should be declared.

Judgment affirmed.