VAUGHN *et al. v.* STATE.

(*Nashville,* December Term, 1941.)

Opinion filed February 14, 1942.

Haile & Harris, of Cookeville, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice McKinney delivered the opinion of the Court.

The three plaintiffs in error have appealed to this Court from a conviction for the felonious transportation of five gallons of whisky, the punishment of each being fixed at one year and a day in the State penitentiary.

Sheriff Warren is the only witness who testified in the case. The substance of his testimony is that on the first day of March, 1941, Fred Wester came to the jail and informed him that he had given the three plaintiffs in error ten dollars for five gallons of whisky, and that they had gone after it and unless he hurried they would return with it and deliver it at his place. Upon this information the Sheriff entered his automobile and drove a short distance out on the road over which the plaintiffs in error were returning where he accosted them and observed a bulk in a sack between the two who were seated on the front seat, which had the appearance of being a five-gallon container such as is frequently used for transporting whisky. The Sheriff arrested the plaintiffs in error, and this container had in it five gallons of whisky. The Sheriff knew the plaintiffs in error and testified that they were bootleggers.

The Sheriff further testified that his informant, Fred Wester, was a bootlegger; that he had been convicted and served a term in the penitentiary for the theft of some chickens and had been rendered infamous; but that he had known Wester a long time and that he had

always told him the truth, and that he believed what he told him on this occasion.

Section 11536 of the Code provides as follows:

"An officer may, without a warrant, arrest a person:

"(1) For a public offense committed or a breach of the peace threatened in his presence.

"(2) When the person has committed a felony, though not in his presence.

"(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"(4) On a charge made, upon reasonable cause, of the commission of a felony by the person arrested."

The only question raised by the assignments of error is whether the Sheriff had "reasonable cause" to believe that the plaintiffs in error were committing a felony.

■ The Court in *Jones* v. *State*, 161 Tenn., 370, 373, 33 S. W. (2d), 59, 60, with reference to the above statute, quoted approvingly from a previous unreported case as follows:

"The substance of these provisions is that an officer may lawfully proceed to arrest without a warrant any person when the officer has, with reasonable cause, been led to believe that the person has committed, is committing, or is about to commit a felony. It is essential to the protection of society that a wide discretion be vested in officers chosen to enforce our laws against felonies. It is impossible to define 'reasonable cause' in terms to fit all cases arising. Each case must stand on its own facts. A narrow construction would open the way for the escape of desperate criminals and the defeat of justice. One too liberal would lead to the harassment of the innocent. But the officer may not be required to wait for assurance,

for evidence which would convict; when circumstances fairly point to a felony it is his duty to act, and act promptly.''

In 34 Words and Phrases (Perm. Ed.), p. 21, it is said:

''In Act 1799, providing that a district attorney and customs collector shall not be liable to an action for the seizure of goods for which they had a reasonable cause, and means a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a ground existed for the seizure, or such a state of facts as would lead a man of ordinary caution to believe, or to entertain an honest and strong suspicion, that such ground existed. *Stacey* v. *Emery,* 97 U. S., 642, 645, 24 L. Ed., 1035.''

In 36 Words and Phrases (Perm. Ed.), p. 361, it is said:

''By 'reasonable or probable cause' is meant such evidence as would lead a reasonable person to believe that the accused has probably or likely committed the offense charged. *In re Squires,* 13 Idaho, 624, 92 P., 754, 755.''

'' 'Reasonable cause,' sufficient to justify seizure under the revenue laws, means probable cause; it imports a seizure under circumstances which warrant suspicion. *United States* v. *One Sorrel Horse,* 27 Fed. Cas. [No. 15,953], pp. 315, 317, 22 Vt., 655.'' 36 Words and Phrases (Perm. Ed.), p. 280.

Applying these rules of evidence to the facts of this case, we are of the opinion that the Sheriff had a legal right to place the plaintiffs in error under arrest. The fact that the Sheriff went in pursuit of plaintiffs in error immediately upon receiving this information shows that he believed what Wester told him, which he was justified in doing, particularly in view of the dependa-

bility of the information theretofore imparted to him by Wester. The further fact that one bootlegger was turning up three of his rivals in the illegal sale of intoxicating liquors is another circumstance which likely led the Sheriff to believe that the information thus imparted was correct.

While the punishment in this case is rather severe, it is in strict compliance with the law, and finding no reversible error in the record, it results that the judgment of the trial court must be affirmed.