**SHEW v. UNITED STATES.**

No. 5460.

Circuit Court of Appeals, Fourth Circuit.

May 3, 1946.

Writ of Certiorari Denied June 10, 1946.

See 66 S.Ct. 1381.

J. Allie Hayes and Kyle Hayes, both of North Wilkesboro, N. C. (Clyde Hayes, of North Wilkesboro, N. C., Hayden B. Hayes, of Wilkesboro, N. C., and Hayes & Hayes, of North Wilkesboro, N. C., on the brief), for appellant.

Robert S. McNeill, Asst. U. S. Atty., of Greensboro, N. C. (Bryce R. Holt, Acting U. S. Atty., of Greensboro, N. C., on the brief), for appellee.

Before GRONER, Chief Justice of the U. S. Court of Appeals for the District of Columbia, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

The principal question in this case relates to the admissibility of certain evidence which the appellant claims was secured through an unlawful search and seizure in violation of the Fourth Amendment to the Federal Constitution. The appellant was defendant in the District Court where he was charged in an indictment of four counts with unlawfully, wilfully, knowingly and feloniously violating certain revenue laws relating to intoxicating liquors, to wit, 26 U.S.C.A.Int.Rev.Code, §§ 2810, 2833 and 2803. Specifically the first count charged him with the possession of a still for the production of spiritous liquors without having first registered the same as required by law; the second count charged that he carried on the business of a distiller without having given bond as required by law; the third count charged that he carried on the business with intent to defraud the United States of the tax on the spirits distilled by him, and the fourth count charged the possession of two gallons of distilled spirits in one-half gallon jars which did not have affixed thereto stamps denoting the quantity of distilled spirits contained therein and evidencing the payment of internal revenue taxes imposed thereon, as required by law.

The one-half gallon jars of distilled spirits, together with other paraphernalia, were found by revenue agents under circumstances now to be described during the search of a smokehouse located twenty feet from the defendant's residence in a rural district of North Carolina. United States officers concealed themselves in the woods near the defendant's home and saw the defendant with other men unloading wooden slabs from a truck in the yard. When the slabs were unloaded the truck was backed to a point near the smokehouse and seven fifty-gallon wooden barrels were loaded on the truck. The officers then came upon the scene. They discovered that the barrels were of the sort used for fermenting mash for a distilling operation and that each barrel contained a residue of mash. Fifty-nine steps from the smokehouse they found a torn down furnace, tracks made by the bottoms of fifty-gallon barrels and approximately 100 gallons of spent mash in holes in the ground; and three five-gallon cans of spent mash were found at defendant's hog pen. A clearly defined path ran from the smokehouse to the still site.

In conversation with the agents the defendant inquired whether they had found the still and was told they had not. The agents asked him for permission to search the smokehouse and were refused. He said that he was caught; that he was guilty and would have to serve time, but that the boys with him had no part in the business. They arrested him and his associates and then searched the smokehouse and found the jars of whisky, a filter bag with a cup under it, a syphon, a seven and a half gallon can with the odor of whisky in it, a case of glass fruit jars such as are customarily used by illicit distillers, and an automobile radiator which had been altered so as to be usable as a condenser in the manufacture of whisky.

Upon the trial of the case the articles found in the search were presented to the jury over the objection of the defendant. The case was submitted to the jury on the first, second and fourth counts. The court refused to submit the third count to the jury since in its opinion this count was virtually a duplication of the second count. A general verdict of guilty was rendered by the jury and the defendant was sentenced to serve a year and a day in the penitentiary.

The defendant contends that the evidence secured by the search of the smokehouse was inadmissible because the search was unlawful and unreasonable and in vio-

lation of the Fourth Amendment in that the smokehouse was part of the defendant's home premises and the officers had no warrant either to arrest the defendant or to search his house or his effects. The defendant also urges that the evidence was inadmissible since the search constituted a violation of 18 U.S.C.A. § 53a which provides that any officer of the United States engaged in the enforcement of any law of the United States who shall search any private dwelling occupied as such without a warrant directing the search shall be guilty of a misdemeanor and subjected to fine and imprisonment. But this statute in its present amended form contains the proviso that it will not apply to any officer of the United States arresting any person who has committed or who is suspected on reasonable grounds of having committed a felony. Consequently the case turns under this statute as under the Fourth Amendment upon the legality of the defendant's arrest.

Under the circumstances described, the fruits of the search were admissible in evidence if the arrest of the defendant was lawful, even though the smokehouse be regarded as part of the defendant's dwelling house. While the right of a citizen to be free from the search of his house in the absence of a search warrant is firmly established by the decisions, it is equally well settled that a search of a dwelling may be made without a warrant as an incident to a lawful arrest. In this case there can be no doubt that the arrest was lawful, for an arrest for felony without warrant may be made by officers of the law if they have reasonable ground to believe that a felony has been committed and reasonable ground to believe that the person to be arrested has committed it. The evidence of the unlawful distillation of spiritous liquors found by the officers on the defendant's premises prior to the search of the smokehouse, coupled with the inquiries by the defendant as to whether the officers had found the still, and his entirely voluntary confession of guilt prior to being taken into custody, constituted very strong reason to believe

not only that a felony had been committed but that the defendant was the offender.

Similarly, there can be no doubt that the search of the smokehouse was incidental to the arrest. As was said in United States v. Lindenfeld, 2 Cir., 142 F.2d 829, 832, where the authorities were carefully analyzed and considered. "The better view as to area is that the search can cover that part of the premises over which the offender's control and unlawful activities likely extended. * * * Or * * * the search can [cover] 'all parts of the premises used for the unlawful purpose.'" Applying this rule to the facts of the case at bar, it is clear that the search was well within the scope of the officers' authority, for it was directed to a building very near to the former site of the still and so closely connected with the premises upon which the defendant was arrested that he claimed it to be a part of his dwelling house.

We find no substance in the other grounds for the appeal urged by the defendant. There was ample evidence in proof of the corpus delicti and in support of the allegations contained in the several counts of the indictment. Consequently the case was properly submitted to the jury. There was no error in receiving the testimony of the officer to the effect that a still had been in operation at the place where the old furnace was found and the spent mash was discovered in the holes in the ground. The officer had had fourteen years' experience in his position and had searched for and destroyed more than two thousand illicit stills. He was therefore entirely familiar with their method of operation and was well qualified to describe the component parts of a still and the function performed in the distilling operation by the incomplete apparatus found on the defendant's premises. There was clearly no error in permitting the officers to testify as to the incriminating statements of the defendant for they were voluntary on his part and were made prior to his arrest.

The judgment of the District Court will be affirmed.