**UNITED STATES v. BURCHFIELD.**

Cr. No. 14918.

United States District Court
E. D. Tennessee, N. D.
Dec. 23, 1949.

806

Otto T. Ault, United States Attorney, Chattanooga, Tenn., James M. Meek, Assistant United States Attorney, Knoxville, Tenn., for plaintiff.

Roy N. Stansberry, Knoxville, Tenn., for defendant.

ROBT. L. TAYLOR, District Judge.

Hearing has been had on defendant's motion to suppress evidence and return seized property. The indictment, in three counts, charges violation of sections 2803(a) and 2913 of the Internal Revenue Code, 26 U.S.C.A. §§ 2803(a), 2913.

On or about August 4, 1949, officers of the Alcohol Tax Unit and a deputy United States marshal, having during previous days received numerous complaints that defendant was engaged in an illicit liquor business, watched the house where defendant was residing. This house was located within the city limits of Madisonville, Tennessee, fronting on an alley and being between 40 and 50 feet from the alley and about 150 feet from the nearest street. About 6:30 p. m. the officers saw a Negro go to the back door of the house, receive from defendant a pint bottle containing liquid which he concealed within the bosom of his shirt, hand money to defendant, then go away. The officers continued to watch the premises, and about 7:30 p. m. a man named Moody drove into the alley in a coupe. The officers saw defendant come from his house to the coupe and hold conversation with Moody. Defendant returned to the house. Shortly afterwards he came out again and was seen by the officers to pass something to Moody which looked like a glass container. At that time the officers were in their auto-

mobile beside the adjacent street, about 150 feet away. When Moody drove out of the alley they stopped him, searched him and found two half-pint bottles of whiskey on his person. The bottles bore no stamps evidencing payment of revenue tax. Upon being questioned, Moody told the officers that he had only a few minutes before purchased the whiskey from defendant. With Moody under arrest, the officers went immediately to defendant's house, entered the house and, without a warrant, arrested the defendant. Upon entering the house, they had found defendant in the kitchen in the act of pouring a drink of whiskey from a glass jar which bore no revenue stamp. An officer took the jar from his hands. This jar, containing tax-unpaid whiskey, is part of the evidence upon which conviction is sought. It is sought to be suppressed on the ground that it was obtained by an illegal search. The officers had no search warrant at the time they entered the house and arrested defendant.

In the presentation of proof and in their arguments, counsel did not clash solidly upon what seems to be the crucial point of the case. For the defendant the motion is urged on the ground of an illegal search of a dwelling house. For the Government the action of the officers is sought to be justified on the ground that it was intended to be, and was, an entry for the purpose of making an arrest for the commission of a felony. What the officers did might be viewed in a different and less favorable light, if their entry into the house had been for the purpose of making a search rather than an arrest. See, Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145; also, Worthington v. United States, 6 Cir., 166 F.2d 557.

But the record here leads the Court to conclude that the officers entered the house for the purpose of arresting the defendant, not for the purpose of making a search. The problem, then, is to determine whether circumstances justified the arrest.

In a recent opinion the Supreme Court has indicated that legality of an arrest without a warrant, in the absence of a relevant federal statute, is to be tested by state law. United States v. Di Re, 332 U.S. 581,

68 S.Ct. 222, 92 L.Ed. 210. Under Tennessee statute, an officer may arrest a person who has committed a felony, whether or not in his presence. An officer may arrest a person when a felony has been committed, and he has reasonable cause for believing the person arrested committed it. But the statute goes beyond those familiar common law situations and includes a fourth, namely, an officer may, without a warrant, arrest a person "on a charge made, upon reasonable cause, of the commission of a felony by the person arrested." Williams 1934 Code, sec. 11536. Under the quoted provision, a sheriff is justified in making an arrest without a warrant, even where the person arrested has been charged by a rival lawbreaker with the commission of a felony. Vaughn v. State, 178 Tenn. 384, 158 S.W.2d 715. Each set of circumstances must be considered alone in determining whether reasonable cause exists for charging the person arrested with commission of a felony, but where circumstances fairly point to the commission of a felony, the officer may, without a warrant, arrest the person upon reasonable cause believed to have committed the felony. Thompson v. State, 185 Tenn. 73, 203 S.W.2d 361.

■ The rule, as it appears in federal decisions, is not essentially different. In Shew v. United States, 4 Cir., 155 F.2d 628, 630, certiorari denied, 328 U.S. 870, 66 S.Ct. 1381, 90 L.Ed. 1640, the court said: "* * * an arrest for felony without warrant may be made by officers of the law if they have reasonable ground to believe that a felony has been committed and reasonable ground to believe that the person to be arrested has committed it." The following language appears in Safarik v. United States, 8 Cir., 62 F.2d 892, 895: "There was therefore evidence before the very eyes of these officers, taken in connection with what they already knew, * * * sufficient to warrant them as reasonably prudent men in believing that a crime was being committed in their presence. They were therefore warranted in arresting the defendants without a warrant." The only federal statute that reflects the federal viewpoint generally is 18 U.S.C.A. § 2236, which is the penal statute against search of dwellings by federal officers without search warrants. That statute contains this proviso: "This section shall not apply to any person * * * (b) arresting or attempting to arrest a person committing or attempting to commit an offense in his presence, or who has committed or is suspected on reasonable grounds of having committed a felony".

■ It has been stated that there is no formula for the determination of reasonableness. Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L. Ed. 374. But in the case here, what the officers had learned from informers, coupled with what they saw, furnished ample grounds for belief that defendant was engaged in the commission of felonies in their presence, and he had been directly charged by Moody with having committed a felony from three to five minutes before Moody himself was apprehended. There is no doubt in the Court's mind that this was a lawful arrest, and the Court so holds.

■ Seizure by the officers of the jar of whiskey which defendant had in his hands at the time of his arrest, if it may be called a search, was not unreasonable and was incident to a lawful arrest. It comes within the general rule that, incident to a lawful arrest, part of the premises, even a dwelling, over which the offender's control and unlawful activities extended, as well as the person of the offender, may be searched and things used to carry on the criminal enterprise and the means by which it was committed, may be seized. Worthington v. United States, 6 Cir., 166 F.2d 557; Safarik v. United States, 8 Cir., 62 F.2d 892; Shettel v. United States, 72 App.D.C. 250, 113 F.2d 34; Shew v. United States, 4 Cir., 155 F.2d 628; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145. This general rule is overridden only where the search without a warrant, though incident to a lawful arrest, is shown by circumstances to have been unreasonable. Trupiano v. United States, 334 U.S. 699, 68 S. Ct. 1229, 92 L.Ed. 1663.

■ Defendant has objected to admission of the statement made by Moody to the officers on the ground that it is hearsay. Objection is made, also, to admission in evidence of the whiskey taken from the person of Moody, on the ground that Moody was illegally arrested. In the Court's view of it, the statement made to the officers by Moody was not hearsay as to them, but entered as direct testimony into the formation of their belief that a felony had been committed. See, United States v. Heitner et al., 2 Cir., 149 F.2d 105, certiorari denied, 326 U.S. 727, 66 S.Ct. 33, 90 L.Ed. 432.

■ The evidence required to bring a defendant to trial is something less as to competency than is required of evidence presented at the trial or on motion to suppress, the dictum on this point to the contrary in Grau v. United States, 287 U.S. 124, 128, 53 S.Ct. 38, 77 L.Ed. 212, being rejected in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302. See, also, Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213.

■ As to Moody, the Court will not pre-judge the legality of his arrest nor permit defendant here to find shelter under an alleged violation of another person's constitutional right.

It results that the motion to suppress must be overruled. Let an order be prepared accordingly.