Jones *v.* State.

(*Knoxville,* September Term (May Session) 1952.)

Opinion filed June 5, 1953.

On Petition for Rehearing July 17, 1953.

John M. McCloud, of LaFollette and Walker, Hooker, Keeble, Dodson & Harris, of Nashville, for plaintiff in error.

Nat Tipton, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is an appeal from a conviction of transporting more than a gallon of whiskey with the defendant's punishment being fixed at a year and a day in the State penitentiary.

The principal assignments of error are based upon the contention that the search of the defendant's automobile was unlawful. Other assignments are (1) that the trial judge erred in overruling the defendant's plea in abatement to the indictment, the same being returned in open court without all of the grand jurors being present, and (2) for refusal of the trial judge to permit the defendant to make bond pending his appeal.

The defendant was arrested and his automobile searched (without a search warrant) under the following circumstances. R. L. Green, a Highway Patrolman, who resided in Campbell County received a telephone message from another officer (Corporal Day, a Highway Patrolman operating out of Sunbright) to the effect that a 1953 Pontiac automobile bearing license number, 45-3820, was headed in his, Green's direction "with a big carload of whiskey". This information was received about 2:00 o'clock and the arrest was made twenty or thirty minutes later. Green blocked a one-way bridge and upon stopping the defendant's car found it corresponded in make, model, and license number with the one he had been advised would be carrying this load of whiskey. When he halted the car he saw the neck of a bottle of whiskey "sticking out from under the blanket at the back of the car". The car contained between 50 and 55 gallons of whiskey.

We think the arrest was justified and the search was lawful under the authority of *Thompson* v. *State,* 185 Tenn. 73, 203 S. W. (2d) 361; also *Jones* v. *State,* 161 Tenn. 370, 33 S. W. (2d) 59; *Smith* v. *State,* 169 Tenn. 633, 90 S. W .(2d) 523; and *Vaughn* v. *State,* 178 Tenn. 384, 158 S. W. (2d) 715. The case of *Murphy* v. *State,* Tenn. Sup., 254 S. W. (2d) 979, relied on by defendant, has no application to the case at bar. The arrest of Murphy was admitted to be unlawful, and the subsequent search of his car (a valid search warrant being procured) did not have the effect of legalizing his arrest and detention. The assignment of error, relating to the alleged unlawful arrest and search of the defendant's automobile, is overruled.

There is no merit in the contention that the trial judge erred in overruling the defendant's plea in abate-

ment. The insistence that the indictment was returned into open court when several of the grand jurors were not present is not supported by the record. When it was first returned some jurors were absent. But it was given back to the foreman and returned the following day when all were present.

The final insistence of the defendant's counsel is that in the event of an affirmance of the case the Court should deduct the time the defendant has been confined in jail without bond from the sentence of one year and a day in the penitentiary. The request is based upon the error of the trial judge in refusing the defendant bail pending his appeal. When application for bail was made to the trial judge at the time the motion for a new trial was overruled, he made the following statement:

"Application has been made for the defendant to be allowed bail. This application has been resisted by the state, and we have just heard the evidence. The Legislature, in the Public Acts of 1951 [Code, Section 1165.1], passed this law, and it's now in the Code (Reading the law from the Code Appendix) Now, Counsel for the defendant has very ably represented the defendant and, as the Court sees it, there is no question about his guilt. This defendant put up a cash bail of some $500.00 for appearance here. Well, the Court knows of his own knowledge, and also has it in his right to take judicial notice of the fact that there cash bails are usually put up for the purpose of forfeiture and not appearance at trial. This defendant told the officers the last time he was arrested after the forfeiture that he was on his way here and had another load of liquor and was arrested, and for this reason couldn't be here. He said that he had hauled three loads in the car which hauled

the liquor in question, and had been arrested in two of those cases. I think it is very evident to the Court that the defendant was transporting liquor in violation of the law covering transporting of liquor. As Counsel says, we have cases of this kind all over the state, and this Court agrees that is so. Counsel has said this is one of the most common things done in violation of the Statute. Surely, the Attorney-General and I know this to be the truth. The zeal to take the law into your hands causes a lot of time to be consumed with cases of this kind. Well, we can't preserve the peace of this State if we just tell the defendants to make a new bond, and go ahead and violate the law some more, as this defendant has been doing.''

The defendant later applied to Mr. Justice Burnett for a writ of supersedeas and an order allowing an appeal bond which was disallowed. The same was renewed shortly before the hearing of the case at Knoxville and again denied. We are not justified in granting the defendant's request as a matter of grace. We could only do so upon the ground that the trial judge abused his discretion. When due consideration is given to the reasons which prompted the trial judge in denying bail, it cannot be said that he abused his discretion.

The assignments of error are overruled, and the judgment of the trial court is affirmed.

### On Petition to Rehear.

Plaintiff in error has filed a petition to rehear complaining only of the refusal of the Court to order that the time he has been in jail pending his appeal be credited on the original sentence of a year and a day in the State penitentiary. It is insisted by petitioner that

it is the practice of the Court, in cases wherein a defendant is denied bail pending appeal, that such time be credited as part of the sentence fixed by the trial court. While the Court has followed this practice in some cases it is not an invariable rule. Whether or not such credit should be allowed depends upon the facts of each case and is within the sound discretion of the Court.

While the petition does not raise the question of the defendant's right to bail pending appeal, it is related in principle to petitioner's right to a reduction of his penitentiary sentence. In all such cases the trial judge in denying bail necessarily gives consideration to the public welfare, i. e. the protection of the public against acts of violence and threatened violence by the accused; whether or not he is a professional criminal and a menace to society to such an extent that it is unsafe for him to be at large. We reaffirm what is said in the original opinion that the trial judge does not abuse his discretion in refusing bond pending appeal where the accused is shown to be a professional "rum runner" and is contemptuous of the courts as well as the opinions of law abiding citizens.

Coming now to the defendant's request as set out in his petition, we accede to it since the record fails to show any previous conviction. We feel that in the case at bar the law is satisfied where the prison term, as fixed by the statute, is served in part in the county jail.

The order heretofore entered will be accordingly modified so that his sentence will commence to run on February 28, 1953.