BRUCE HERRINGTON

*v.*

STATE OF TENNESSEE

(*Nashville,* December Term, 1955)

Opinion filed April 27, 1956.

Rehearing Denied June 8, 1956.

H. E. ETHERIDGE, JR., Jackson, for plaintiff-in-error.

NAT TIPTON, Advocate General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Defendant was convicted for violating the liquor law with punishment fixed at a fine of $400 and 40 days in jail from which he has appealed.

There are several assignments of error but the only one discussed in the brief of defendant raises the sole question as to whether or not the arrest of the defendant by two Highway Patrolmen was authorized under the circumstances.

These patrolmen had information that the defendant was engaged in the illicit business of hauling whisky in a green Ford automobile and that the whisky was stored

on the premises of a man named Wysong. Shortly before the arrest the patrolmen saw the defendant, in his green Ford and Wysong in his own car at a filling station in Jackson and saw them drive away in the separate cars in the direction towards Wysong's home. The officers followed these two cars out of town to a point near Wysong's home when one of the patrolmen got out of the automobile while the other one drove the car on beyond the premises and parked, in order to await a signal from the one who had gotten out of the car. This patrolman Way climbed up a hillside where he could obtain a clear view of the premises of Wysong. While there he saw this green Ford of the defendant backed up to a small outhouse behind Wysong's home with the lid of the trunk raised and saw the plaintiff in error placing pasteboard cartons in the trunk which appeared to the officer to be cases of liquor, judging from their size, shape and color, although he was not able to identify them as such at this particular distance.

When the defendant had finished loading his car he drove back in the direction of Jackson. Officer Way then signaled the other officer who drove on back and picked him up and they followed defendant, stopped him and asked for his driver's license. Defendant stepped out of his car and handed his driver's license to the officers. After they had examined it and found it in order they stated to him that they believed that he had whisky in the car.

One of the patrolmen who had possession of the driver's license started over to the patrol car with the intention of calling over the police radio for a search warrant whereupon the defendant told the other officer that there was no need for a search warrant, that he did

have whisky in the car. Defendant then opened the trunk of his car and there the officers saw a large quantity of whisky, some 88 half-pints and 12 fifths.

Counsel for defendant relies upon *Murphy v. State,* 194 Tenn. 698, 254 S.W.2d 979, to support his insistence that the stopping of defendant to examine his driver's license was a mere subterfuge, that his detention was in fact an arrest, and that the finding of the liquor thereafter did not legalize the alleged unlawful arrest.

We do not think the Murphy case is applicable for two reasons, first because the arrest was legal and second because there was no search.

The officers did not stop the defendant on a mere subterfuge of inspecting his driver's license; it seems from the testimony that the officers customarily called for a person's driver's license for the purpose of identification; here the officers had the information set out hereinabove and it is common knowledge certainly among patrolmen that whisky is packed in pasteboard cartons containing three gallons. It seems perfectly clear that the information that these officers had transcends the information had by the officers in the Murphy case, in *Robertson v. State,* 184 Tenn. 277, 198 S.W.2d 633; *Epps v. State,* 185 Tenn. 226, 205 S.W.2d 4, and similar cases. The distinction is made in *Jones v. State,* 195 Tenn. 390, 392, 259 S.W. 2d 864, and in *Acklen v. State,* 196 Tenn. 314, 323 and 324, 267 S.W.2d 101.

Referring to the above statement that there was no search but that the evidence was given voluntarily, see the Acklen case, supra, 196 Tenn. at page 325, 267 S.W.2d 101.

The judgment of the lower court is accordingly affirmed.