ANTHONY R. DAY & WALTER L. PATCH, Plaintiffs
in Error, v. STATE OF TENNESSEE, Defendant in
Error.—474 S.W.2d 162.

July 16, 1971.

Certiorari Denied by Supreme Court December 6, 1971.

Lloyd F. Arrowood, Chattanooga, for Anthony R. Day.

Ward Crutchfield, Chattanooga, for Walter L. Patch.

David M. Pack, Attorney General, Bart Durham, Assistant Attorney General, Nashville, Paul W. Herrell,

Robert J. Batson, Jr., Assistant District Attorneys General, Chattanooga, for defendant in error.

DWYER, J. The defendants at the trial were found guilty by a jury of committing the offense of concealing stolen property over the value of one hundred dollars with judgment rendered thereon of confinement for not more than three years. They are represented by court-appointed counsel.

The Northside Lunch, a business house located in Chattanooga, was burglarized on the early morning hours of July 4, 1968. A police patrol officer investigating an accident a few blocks removed from the business establishment was approached by two males who reported the burglary and information pertaining to the burglars. The officer went immediately to the business and found evidence of the burglary. He relayed by radio the information he had received. A police detective at the time of hearing the broadcast was passed by a car meeting the description of the broadcast. He stopped the automobile and told the three occupants to alight, two of whom were the defendants in this case. He further related he looked in the car and by flashlight saw a metal box and pillowcase on the floor in the rear seat area. This box and pillowcase contained monies in the amount of five hundred and eighty two dollars and some cents. The three occupants denied any knowledge of the box, pillowcase or its contents. The money and box were returned to the owner of the restaurant at police headquarters the same morning.

There are several assignments of error made by both defendants. They both contend that the evidence

preponderates against their guilt and in favor of their innocence. In our review of the record we feel there is a sufficiency of the evidence to sustain the verdicts. The defendants were arrested within a matter of minutes from the time the original officer received the information about the burglary. They were apprehended by the arresting officer within a mile from the burglarized store. They were found to have in their possession the money box with money contained therein that was identified by the owner as being his. He related there was five hundred and eighty something dollars taken according to his records and that he kept the bills in the metal box. The pinball machines in the business had been burglarized and change had been found in the pillowcase recovered from the car. There is a sufficiency of the evidence as we view it to sustain the verdict. The defendants are in this court under a presumption of guilt, having lost the presumption of innocence when the jury found them guilty and the trial court approved that verdict. The burden is on them to show that it preponderates against their guilt. See Cooper v. State, 123 Tenn. 37, 138 S.W. 826. This they have not done.

The defendant further contends the verdicts are contrary to the law and they premise their contention on the fact that the box and money were not *concealed* but in plain view.

In Jones v. State, 219 Tenn. 228, 234, 235, 409 S.W2d. 169, 171, 172 quoting from 76 C.J.S. Receiving Stolen Goods sec. 7, page 10:

". . . any acts which render its discovery difficult and prevent identification, or which assist the thief in converting the property to his own use, are sufficient."

The assignments pertaining to the sufficiency and compatibility of the evidence and the law to the verdicts are accordingly overruled.

█ They both contend that the arrest is unlawful and the search which followed was illegal and that the trial court erred in not sustaining their objections thereto.

The defendants rely upon Wallis v. State, 220 Tenn. 400, 417 S.W.2d 781, 784, to support their contention. A reading of that case convinces us the defendants may find no comfort in that authority under the circumstances found in this record. In Wallis v. State, *supra,* the trial court would not allow the defendant to cross examine to explore their theory that the officer acted on suspicion that Wallis and co-defendant Cheney had committed a felony. At page 784 the following may be found:

"However, in undertaking to develop this theory by cross-examination of Malone, the Court sustained state counsel's objections so as to prevent the theory from being fully explored and the truth with respect to it disclosed. Malone was prevented on objection from disclosing either the identity of his informant; or where the information was related to him; or anything else that might have tested the reliability of either information or the informant."

In this record the trial court heard and overruled after a detailed exploration of the facts surrounding the arrest in this record on motions to suppress as to both defendants contesting the arrest and search. At the trial the names of the two male whites that approached the officer were made known. It certainly cannot be argued that the

reliability of the information given was suspect. Within two or three minutes the initial officer acting on the information given found the business house to have been burglarized. Within a few more minutes the information was relayed over the air waves, resulting in the arresting officer acting promptly upon this when the car described passed him when he was hearing the broadcast. In 6 C.J.S. Arrest sec. 6(b) the following may be found:

"... The officer must possess the knowledge or information which generates in him a reasonable belief that the person he seeks to arrest is guilty of a felony before, or at least at the time of, the arrest, ..."

In Vaughn v. State, 178 Tenn. 384, 386, 158 S.W.2d 715, 716, quoting from Jones v. State, 161 Tenn. 370, 373, 33 S.W.2d 59, 60, the following may be found:

"... It is impossible to define 'reasonable cause' in terms to fit all cases arising. Each case must stand on its own facts. A narrow construction would open the way for the escape of desperate criminals and the defeat of justice. One too liberal would lead to the harassment of the innocent. But the officer may not be required to wait for assurance, for evidence which would convict; when circumstances fairly point to a felony it is his duty to act, and act promptly."

It was the duty of the officer in this record to act and act promptly, which he did. We hold therefore that the arrest was lawful. See Nix v. State, Tenn.Cr.App., 446 S.W.2d 266, 268; Raynor v. State, Tenn.Cr.App., 447 S.W.2d 391, 393. In view of our holding the arrest to be lawful the search is also lawful. When the officer stopped

the car he saw by flashlight the metal box and pillowcase containing money in view on the floor of the back seat. He related when he lifted the pillowcase he could tell there was change in it. There was no search as such. The objects were visible to the officer when he looked in the car. See Sneed v. State, 221 Tenn. 6, 423 S.W.2d 857. Accordingly, the assignment pertaining to the arrest and search are overruled.

■ The defendant Day contends the trial court erred in not upholding his plea in abatement that the State lost jurisdiction of Day when they relinquished him to the Federal Narcotics Hospital at Lexington, Kentucky by nolle prosequi of his indictment. The trial court found from the records that a nolle prosequi was requested by the defendant and agreed to by the State in order to allow Day to enter the hospital for immediate treatment, presumably for drug addiction. This assignment has not been briefed and we find no merit in it. It is overruled.

■ He next contends he was denied a speedy trial, premising this upon the fact that the offense occurred on July 4, 1968, and trial did not occur until May 6, 1970. At first blush it would appear this assignment has merit from the time lapse alone between the two dates. The trial court in overruling this assignment found from the records that at first setting on October 28, 1968, Day did not appear and a forfeiture was taken. The court further found on the instant indictment that Day was taken in custody on June 18, 1969, and failed to appear for arraignment on June 30, 1969. The trial court further stated:

". . . So in view—as a matter of fact, the Court's been trying to get these cases to trial all this time and either one or the other of the defendants would not appear and there would be a forfeiture and capias and so forth, and various pleas in abatement were filed, so let your motion to dismiss be overruled."

We find no merit in this assignment. It is overruled.

■ The defendant Patch contends the trial court erred in allowing over objection improper argument of the attorney general. The attorney general argued that a person found in possession of recently stolen property raises a presumption in law that unless this is satisfactorily explained there is a presumption that they are the thieves. This argument is not too inconsistent with the rule of law found in Tackett v. State, 223 Tenn. 176, 443 S.W.2d 450, 453. It is not a comment upon a defendant's failure to testify. The assignment is overruled.

The judgment of the trial court is affirmed.

We would be amiss in our duties not to commend court-appointed counsel for the splendid representation they have accorded accused in this record.

Walker, P.J., and Russell, J. concur.