SMITH *et al. v.* STATE.

(*Knoxville*, September Term, 1944.)

Opinion filed January 6, 1945.

DODSON & DODSON and T. R. BANDY, both of Kingsport, for plaintiffs in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendants were convicted for the felonious transportation of intoxicating liquor and their punishment fixed at a year and a day in the State penitentiary.

The conviction was had on the testimony of a highway patrolman, who said that he stopped the car in which the two defendants were riding on a road leading out of Greeneville and found in the car several cases of whiskey. Objection was made to his testimony on the ground that his stopping of the automobile and arrest of its occupants was unlawful and his testimony therefore inadmissible. We think this point is well made. The case is ruled by *Cox* v. *State*, 181 Tenn. 344, 181 S. W. (2d) 338. Without going into the details of that case, the arresting officer testified that he stopped the defendant's car for the purpose of ascertaining whether he had a driver's license. The officer was a highway patrolman and was entitled to stop the car for the purpose stated. The Court, however, found that this claim of the patrolman was a mere subterfuge, that he really stopped the car to find out if it was transporting whiskey, and that under such circumstances the officer's testimony that whiskey was found in the car was inadmissible. The conviction was accordingly reversed.

It is equally clear from the evidence in this case that the claim of stoppage of defendants' car was for the purpose of learning whether they had a driver's license or registration receipt was a subterfuge. This officer testified that he was driving along with a man named Homer Smith, who was an inspector for the Federal Alcohol Tax Unit. He said, "We were just working the road," and again, "We were investigating cars hauling whiskey and working the general traffic together; anything that came along under my jurisdiction is under his jurisdiction."

Explaining his jurisdiction, the patrolman said, "Well, we have control of the speeding of cars, the driver's licenses, and the registration receipts of cars."

Just before the defendants' car was stopped, this officer testified that he had stopped another car for speeding—running at 65 miles an hour. He said he was writing the driver of that car a ticket when he saw defendants' car approaching, that he directed the federal officer to stop the other car, which the latter did, waving a red flashlight in front of it.

It appears from the testimony of the patrolman that the federal man went to the driver's side of the car and told the patrolman to go around on the other side. The patrolman flashed his light into the car and recognized one of the defendants. Then turning the flashlight into the rear of the car he found several cases of whiskey and placed the defendants under arrest.

It does not appear from the testimony of this highway patrolman that any demand was made of the defendants to exhibit a driver's license or registration receipt. Moreover, the federal man who was on the left of the car directed the patrolman to go around the other side of the car. There could have been no point in this if the object of the officers was merely to inspect the driver's license and registration receipt. The federal man was standing just by the driver.

The highway patrolman further testified that this car was not speeding, that there was nothing suspicious in its appearance, nor was it being operated in violation of any law when it was stopped. Of course the officers could not tell who the occupants of the car were and the vehicle was stopped and the flashlight was turned on them.

While the facts of this case differ somewhat from the

facts of the *Cox Case,* we think it equally plain from what we have said that the attempted justification for stopping this car was quite as much, perhaps even more, a subterfuge. In the *Cox Case,* the officers did go through the form of asking to see the driver's license.

Reversed and remanded.