EPPS *v.* STATE.

(*Knoxville,* September Term, 1947.)

Opinion filed October 23, 1947.

FRANKLIN PARK, of Jefferson City, for plaintiff in error.

NAT TIPTON, Asst. Atty. Gen., for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Epps was convicted under an indictment charging the felonious transportation of intoxicating liquors, with the punishment fixed at not more than four years confinement in a state prison. He has seasonably appealed and says that (1) his arrest was unlawful, and (2) the search of his car was unauthorized, and that the testimony of the officers as to their discovery of the liquor was, therefore, inadmissible. The Assistant Attorney General in his reply brief very fully and fairly states the facts as follows:

"Two highway patrolmen stationed near Morristown received information that the plaintiff in error was transporting liquor from a particular section of Hamblen County to Morristown. They were personally acquainted with the plaintiff in error and also were given the number and description of his automobile. They did not, however, have definite information as to the amount of whiskey he was transporting but merely the general information that he was so transporting it.

"On the day in question they received information that he was going to this section for whiskey, and seeing his car in Morristown they followed it out highway No. 11E for a short distance to where it turned off a gravel road leading to this particular section. These patrolmen fol-

lowed this car up this gravel road for a short distance, approximately a mile, parked their car and waited the return of the plaintiff in error.

"In not too long a period of time he returned in this same car from the direction in which he had gone, and the patrolmen stepped out into the road and halted his car. When they halted his car, according to them, the plaintiff in error made the statement 'you have got me,' one of them opened the door and saw three half gallon jars of moonshine liquor sitting on the floor of the front seat of the car. The plaintiff in error introduced no testimony whatever, but contented himself with seasonable objections as to the validity of the search."

To the above statement of the facts we quote from the testimony of the officer as follows:

"Q. Your purpose for stopping him was to see if he had a load of liquor or not, wasn't it, that was the reason you stopped him? A. Yes, that was the main reason."

It will at once be noticed that the officers were not informed as to the amount of liquor to be hauled. The transportation of more than a gallon of whiskey constitutes a felony under our statutes. The transportation of a less amount constitutes merely a misdemeanor. If the information the officers had had indicated the accused was hauling more than a gallon, or had it been of such a nature from which that fact might be inferred as in *Thompson* v. *State,* 185 Tenn. 73, 203 S. W. (2d) 361, there would be no question as to the search. *Jones* v. *State,* 161 Tenn. 370, 33 S. W. (2d) 59.

We have certain statutory provisions applicable to arrests by an officer in felonies and in misdemeanors. These are carried in the Code under section 11536 and provide:

"An officer may, without a warrant, arrest a person:

"(1) For a public offense committed or a breach of the peace threatened in his presence.

"(2) When the person has committed a felony, though not in his presence.

"(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"(4) On a charge made, upon reasonable cause, of the commission of a felony by the person arrested."

██ The arrest was clearly not justified upon the charge of committing a felony. Was it justified though on the basis of a threatened breach of the peace? In *Hughes v. State*, 145 Tenn. 544, 571, 238 S. W. 588, 596, 20 A. L. R. 639, it was said in part:

"But an officer may lawfully arrest a person if a breach of the peace is threatened in his presence. In such a case it is not necessary for the officer to see and know that the law is being violated. Indeed, he may arrest a person in order to prevent a violation of the law. In such a case he may lawfully arrest the person, if the circumstances are sufficient to justify the belief in the mind of a prudent officer, acting in good faith, that a breach of the peace is about to occur. Of course, an arrest for a breach of the peace cannot be justified merely upon belief or suspicion existing in the mind of the officer; but, where the actions of the person and the surrounding circumstances are such as to indicate a threatened breach of the peace, the arrest may be lawfully made."

The above quoted statement on which the State relies is based upon the following related facts:

"In this case the plaintiff in error had left his automobile on the side of the road. He was approaching his car, carrying a keg having the appearance of a nail keg, or

230

horseshoe keg. There was no store or other place in the direction from which he was coming to indicate that this keg contained nails, or horseshoes, or other articles ordinarily contained in a container of that kind. Plaintiff in error was reputed to be engaged in the unlawful sale of liquor. These circumstances justified the officer in believing that a violation of the law was about to be committed.''

The facts of the instant case clearly do not come within those as above quoted. In the instant case, all we have is (1) the reputation of the accused and (2) that he was driving his car from the direction of a neighborhood the officers were informed he got whiskey. Clearly these facts alone do not justify an arrest and search without a search warrant. We do not choose to extend the doctrine as above quoted from the *Hughes Case* which must be concluded as based only on the facts of that case.

In *Robertson* v. *State*, 184 Tenn. 277, 198 S. W. (2d) 633, the court quoted at length from many of our reported decisions in reference to a valid search and the necessity for a search warrant. We do not deem it necessary to again say what has so often been said in a clearer way than we can say it.

■■ The officers in the instant case had been given their information about the accused some days before this arrest. They made no attempt to secure a search warrant. They contented themselves with waiting until they saw him driving out one of the streets of Morristown when they followed him and made the arrest. Their expedition was more or less of a fishing expedition. If they found whiskey so well so good, but if they did not find any this too was all right with the officers. More is required of our law enforcement officers. They cannot secure evidence in this manner and use it as a basis to convict the one in

possession of the evidence thus secured. They do say Epps said "you have got me," but this statement was made after his unlawful arrest. The statement is a logical sequence and part of the unlawful arrest and must be disregarded.

For the reasons given, the cause must be reversed and remanded.

All concur.