LINDSEY *v.* STATE.

(*Knoxville*, September Term, 1949.)

(May Session, 1950.)

Opinion filed June 9, 1950.

KILGO & ARMSTRONG, of Greeneville, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Defendant appeals from conviction of (1) transporting more than a gallon of corn whisky, and (2) possession of the same whisky, with punishment for the first offense by confinement in the penitentiary for a year and a day, and of the second by a fine of $100.

On a Sunday afternoon in July 1949, on the highway between Kingsport and Greeneville, a highway patrolman pursued and overtook a 1937 Ford Coupe with license No. 3-24339. So far as the evidence discloses, the driver of the Ford was guilty of no traffic violation or other offense. After the patrolman had forced the Ford off on to the shoulder of the road, he proceeded to search the car, and in the trunk found the gallon of whisky which is the basis for the conviction. He justified the search on the ground that he had been informed that prior to this date the Ford Coupe, with license number indicated, had been used for transporting liquor from Newport. The Defendant introduced no proof and did not take the stand. The jury returned a verdict of guilty of transporting and possessing, as we have stated. The jury also fixed the puishment.

The question presented by the appeal is that the search was illegal and the evidence so obtained inadmissible. We are compelled to agree. The fact that the Ford Coupe had been used in the liquor business at a prior time gave the law officers no right to arrest the driver of the Ford Coupe every time it appeared on the highway. Even if the driver had been guilty of an offense under the traffic laws which justified the arrest, which, so far as the evidence disclosed, was not the case here, there would have been no justification for a search

of the trunk. *Elliott* v. *State*, 173 Tenn. 203, 211, 116 S. W. (2d) 1009. The case is clearly controlled by *Epps* v. *State*, 185 Tenn. 226, 205 S. W. (2d) 4. Compare *Thompson* v. *State*, 185 Tenn. 73, 203 S. W. (2d) 361, and *Jones* v. *State*, 161 Tenn. 370, 33 S. W. (2d) 59.

The judgment is reversed and the case remanded for entry of an order of dismissal.

All concur.