**UNITED STATES of America**

v.

**Cleve COLE.**

**Crim. A. No. 17092.**

United States District Court
E. D. Tennessee, N. D.

June 18, 1964.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

Francis Headman, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

This Court, at the conclusion of the trial, in an opinion rendered from the bench, overruled defendant's motion to suppress the Government's evidence obtained by Police Officer DeBusk by a search of the trunk of the defendant's car. By consent of the defendant the case was tried without a jury, and the Court found the defendant guilty of the charges contained in the two count indictment charging him with violation of the Internal Revenue Laws with respect to untaxpaid whiskey.

Defendant has moved for a new trial based upon the ground that the Court erred in holding that there was probable cause for the search of the trunk of the defendant's automobile without a search warrant.

The opinion of the Court recites in detail the facts and circumstances surrounding the search and no purpose will be served by another recitation of the facts except to say that the arrest was made by Officer DeBusk for traffic violations and the trunk of his car searched

without a search warrant. The basis for the ruling of the Court in upholding the search was that Officer DeBusk testified that when he opened the door of the car and arrested the defendant, the smell of alcohol was strong. He also testified after the search that one of the containers of the alcohol was leaking and thus implied that this was the reason for the strong smell of alcohol.

The arrest was made on February 7, 1964 within the limits of the City of Knoxville, Tennessee. At that time, the possession of taxpaid whiskey in Knoxville was (and is now) legal. The officer testified that he had had approximately four and one-half years experience as a policeman. There is nothing in the record to show that he had had any experience in arresting bootleggers trafficking in moonshine whiskey. It is recognized that moonshine whiskey may be discovered through the sense of smell, but the degree of certainty of such evidence necessarily depends upon the circumstances of each case. In many instances where officers make an arrest from evidence obtained from the sense of smell, their judgment was first confirmed by evidence obtained through other senses, such as seeing men work at a still, the sight of vessels containing liquid, steam arising from the operation of a still, or hearing a person talk. De Pater v. United States, 34 F.2d 275, 276, 277, 74 A.L.R. 1413.

Officer DeBusk did not say that he smelled moonshine whiskey. If he had undertaken to express an opinion that he smelled moonshine whiskey, such an opinion would probably have been inadmissible for lack of a proper foundation. He did not see any moonshine whiskey in the car until after a search of the trunk was made.. The smell of alcohol in the car is not alone sufficient to establish probable cause that the car contained moonshine or illegal whiskey. State v. Peterson, 27 Wyo. 185 (1920), 194 P. 342, 13 A.L.R. 1284.

The smell of alcohol by the officer in the car was sufficient to create a suspicion that there was illegal whiskey in the car but suspicion alone is not sufficient for a valid search. Nor is arrest for a misdemeanor sufficient for a valid search. Elliott et ux. v. State, 173 Tenn. 203, 210, 211, 116 S.W.2d 1009 (1938); Lea et ux. v. State, 181 Tenn. 378, 181 S.W.2d 351 (1944); Epps v. State, 185 Tenn. 226, 205 S.W.2d 4 (1947); Lindsey v. State, 191 Tenn. 51, 231 S.W.2d 380 (1950).

The Government, by supplemental brief, contends that the search was justified as an incident to a lawful arrest and in support of this contention cites the case of Elliott v. State, supra, in which the Supreme Court of Tennessee held that a valid search may be made as an incident to the arrest, for the purposes of (1) ascertaining the existence of any weapons or means of escape; or (2) to search for articles which might tend to evidence the guilt of the defendant for the offense for which he was arrested. As a part of this contention, the Government states that the officer smelled a strong odor of alcohol in the car at the time the defendant was arrested for drunk driving; that the moonshine whiskey found in the trunk of the car was important evidence to establish the guilt of the defendant; that the discovery of the alcohol in its container might permit the officer to further his investigation and determine at what place and at what time the whiskey was purchased.

The difficulty with this argument is that a valid search of the person and property of the defendant can only be made as incident to an arrest where the arrest is made for the commission of a felony. Elliott v. State, supra, 208, 116 S.W.2d 1009. As previously stated, the arrest of the defendant in our case was for a misdemeanor only and a search of his property could not be legally made as an incident to an arrest without a search warrant.

Finally, when defendant was arrested, he was taken to the jail and his car was impounded. This gave the officer all of the time necessary to procure a search warrant from an authorized judicial officer in Knoxville for the search of the car.

For the reasons indicated, and from a reappraisal of the facts and a more thorough examination of the applicable law, the Court is convinced from the evidence in the record that the search of the trunk of the defendant's car was illegal and that it was error to receive the evidence obtained by the officer from a search of the car.

It is, therefore, ordered that defendant's motion for a new trial be, and same hereby is, sustained.