STATE of Tennessee, Petitioner,

v.

Willie PARKER, Respondent.

Supreme Court of Tennessee.

March 24, 1975.

Rehearing Denied July 21, 1975.

# 129

R. A. Ashley, Jr., Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, Fleming Hodges, Dist. Atty. Gen., Othal Smith, Jr., Asst. Dist. Atty. Gen., Dyersburg, for petitioner.

Bruce S. Conley, David G. Hayes, Maness, Conley & Hayes, Union City, for respondent.

## OPINION

FONES, Chief Justice.

Respondent, Willie Parker, hereinafter referred to as "defendant" was convicted, after a jury trial, for possession of marijuana. Punishment was set at eleven months and twenty-nine days in jail and a fine of $250.00. The Court of Criminal Appeals reversed the judgment and remanded for a new trial. The State petitioned for certiorari, alleging that the Court of Criminal Appeals erred in ruling that the evidence obtained by the search of defendant's car was inadmissible. We granted certiorari and have heard oral argument.

The facts surrounding the search were presented at a hearing out of the presence of the jury, on a motion to suppress evidence. The testimony of Sergeant Bobby J. Turner of the Union City Police Department was the only evidence adduced on said motion to suppress. The defendant did not testify at the hearing, or at the trial, and did not offer any proof. According to Turner, he received a call from an informant, who had information about some marijuana that could not be discussed on the phone and a meeting was arranged at Tiny's Drive-In. The officer had received information from this informant on several prior occasions, and it had proved to be reliable.

Sergeant Turner and another officer went to Tiny's Drive-In, where they met the informant. The informant told Turner that Willie Parker had some marijuana in his car. He said that one pack would be under the dashboard of the car and another pack would be in the bottom of a Prince Albert tobacco can under the regular tobacco. Turner was also told by the informant that the Prince Albert tobacco can was in the glove compartment, according to our interpretation of his testimony. While he did not include this fact when first relating what the informant told him at Tiny's Drive-In, in describing the search of the vehicle, he said that, ". . . on the tip, we . . . looked in the glove compartment, got the Prince Albert tobacco can, emptied it out, got one pack of marijuana out of the can, reached under the dash and found the other package."

A few moments later, the officers saw the defendant, Willie Parker, leaving Tiny's Drive-In with three or four other men in the car with him. The officers turned around and began to follow the defendant's car. The car began to weave along the highway, causing the officers to think the defendant was high off of something. The officers stopped the vehicle. They smelled the odor of alcohol coming from the car. They were of the opinion that the defendant was under the influence of alcohol, though he was not charged with that offense.

The officers removed the occupants from the vehicle and searched it on the highway. Turner found two packs of marijuana exactly where the informant had told him it would be located. One pack was found under the dashboard; the other at the bottom of a Prince Albert tobacco can in the unlocked glove compartment. The defendant who was the owner and driver of the automobile then stated that he was just trying it out and that he would kill the S.O.B. that got it for him. The officer testified that he had not had time to obtain a search warrant.

The Court of Criminal Appeals reversed the conviction by relying on the case of *Epps v. State*, 185 Tenn. 226, 205 S.W.2d 4 (1947). *Epps* held that an arrest for illegal possession of untaxed liquor was vitiated by the failure of the informant to convey to the police any statement of fact that the amount possessed was over one gallon, and therefore, that a felony was being committed. Since the arrest was not justified upon a charge of committing a felony, it would not have been lawful, without an arrest warrant.

In the present case, the informant told the officers that the defendant would be possessing two packs of marijuana. Whether that statement constitutes reasonable grounds to suspect the commission of a felony is indeed doubtful, since the distinction between misdemeanor and felony possession of marijuana in Tennessee rests on whether the possessor intends to sell, distribute, etc. T.C.A. § 52–1432.

Even if the Court of Criminal Appeals is correct in holding that the arrest of the defendant was unlawful, and thus any search incident thereto was also tainted, on the basis of *Epps*, we do not think that determination is dispositive of the issue.

Both the Fourth Amendment to the United States Constitution and Article 1, Section 7 of our State Constitution prohibit unreasonable searches and seizures. Generally, to meet the test of reasonableness a search warrant is required. One important exception to the search warrant requirement is the search incident to a lawful arrest. Another exception, caused by the need for immediate action under the circumstances, was recognized by the United States Supreme Court in *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

In *Carroll*, the Court set forth two essential conditions needed to establish the validity of a search of an automobile stopped on the highway, without a search warrant. Those conditions are (1) the officer must have reasonable or probable cause to believe the automobile contains items subject to seizure, and (2) the automobile must be movable in the sense that the officer reasonably believes that it may be moved out of the jurisdiction by someone free to do so, and thus the car's contents may never be found again if a warrant must be obtained. See *Husty v. United States*, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629 (1934); *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

Chief Justice Taft in *Carroll* was careful to express the view that the exception to warrants that he was delineating was not dependent upon the earlier exception of a search incident to an arrest. He said:

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." 267 U.S. at 158, 159, 45 S.Ct. at 287, 69 L.Ed. at 554.

The question in the case at bar thus becomes, first, did the officer have reasonable or probable cause to believe the automobile contained items subject to seizure?

In determining this question of probable cause to make a warrantless search of an automobile based upon an informant's tip,

we must look to the requirements outlined by the United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Despite the fact that both of those cases involved warrant applications, it is clear from subsequent decisions of that Court that the same tools of analysis apply as a predicate for an officer's warrantless action. To permit him to proceed on a less substantial predicate would make it easier for the police to operate without a warrant than with one, and thus discourage their use. This would conflict with our established judicial policy of encouraging the use of warrants.

The two-pronged test of the *Aguilar-Spinelli* analysis in this instance requires that the judge at the hearing on the motion to suppress be informed of (1) some of the underlying circumstances from which the informant drew his conclusions, and (2) some of the underlying circumstances from which the officer concluded that the informant was credible, or his information reliable. We think the testimony of the officer at the pre-trial hearing adequately met the requirements of the second prong.

The first prong requires closer scrutiny. It is not immediately clear from the officer's testimony whether the informant's accusation that the defendant possessed marijuana was based on mere suspicion, hearsay, or personal knowledge. However, the information furnished was specific as to the person, the automobile and where the two packs of marijuana would be found in the vehicle. As distinguished from information merely accusing another of having a drug, said specific information strongly implied that the informant had personal knowledge of the facts conveyed to the officer. See *Spinelli, supra.* When coupled with the officer's independent observations of the defendant's weaving vehicle, from which he might reasonably infer that the occupants were under the influence of the drug, we are of the opinion that there was probable cause to believe the defendant's automobile contained items subject to seizure.

The facts in this case clearly satisfy the second requirement of *Carroll, supra,* i. e., that the automobile is movable in the practical sense that it will not be there if the officer has to go and get a warrant. In this case the officer had received his information only moments before seeing the defendant weaving down the highway. Similar circumstances were not present in *Epps, supra,* where the information had been received several days earlier by the police, and there had been ample time to obtain a search warrant. In *Epps,* Chief Justice Burnett characterized the officer's actions as akin to a fishing expedition. The facts in the case at bar cannot be cast in that same light. The evidence seized was properly admitted by the trial court.

The Court of Criminal Appeals correctly dealt with the other assignments of error raised, except with regard to the admission into evidence of statements made by the defendant. These statements were ruled inadmissible by that Court on the basis of *Epps v. State, supra.* Since we do not find *Epps* to be controlling in this case, and because of the difference in content between the statements there and in the present case, we find that the statements were properly admitted by the trial judge in this case.

The judgment of the Court of Criminal Appeals is reversed, and the judgment of the trial court is affirmed.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.

OPINION ON PETITION TO REHEAR

PER CURIAM.

Respondent, Willie Parker, has filed an earnest petition to rehear in this cause. Initially, he alleges that we did not consider

his contention that the identity of the informant must be disclosed in this case. This issue was raised in the Court of Criminal Appeals and was rejected by that court on the authority of *Simmons v. State*, 198 Tenn. 587, 281 S.W.2d 487 (1955).

In our original consideration of this case, though the opinion does not expressly so state, we concurred that *Simmons, supra*, was applicable. Upon further reflection we adhere to our previous determination that the Court of Criminal Appeals correctly dealt with this matter. Additional authority for this position is provided in *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Wallis v. State*, 220 Tenn. 400, 417 S.W.2d 781 (1967).

The remaining arguments present issues that were given full consideration in the preparation of the opinion in this case and were found to be without merit.

We are not unmindful that our reliance upon the *Carroll* case, *supra*, conflicts with an interpretation of that decision in *Tenpenny v. State*, 151 Tenn. 669, 270 S.W. 989 (1924). At the time *Tenpenny* was decided the *Carroll* case was comparatively recent. "Although the *Carroll* decision involved an interpretation of Section 26, Title II of the National Prohibition Act authorizing the seizure of contraband liquor, the Court made it clear that the search and seizure there involved was consistent with the Fourth Amendment principles." Liacos, *Warrantless Automobile Searches: The Meaning of Chambers v. Maroney*, 34 A.T. L.L.J. 174, 175 (1972).

Subsequent decisions have not limited the holding of *Carroll* to automobile searches that are authorized by statute as suggested in *Tenpenny*. This is illustrated by the heavy reliance placed upon the *Carroll* rationale in *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); a case involving policemen who stopped, and later searched, an automobile containing items relevant to certain robberies. Judicial hindsight persuades us that the pristine

view taken in *Tenpenny* of the impact of the *Carroll* decision was too restricted. To that extent, *Tenpenny* is no longer viable.

The petition to rehear is denied.