BILL JONES *v.* THE STATE.

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

BERNHARDT & FLETCHER, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from a conviction for transporting a gallon or more of liquor. Plaintiff in error was arrested on the street in Chattanooga and two containers of liquor were found concealed on his person. The quantity proved to be slightly more than a gallon. The evidence sustains the finding of guilt on the facts.

It is insisted that the arrest without a warrant was illegal and the search which followed was therefore not

justified, rendering the testimony of the arresting officer inadmissible. The police officer was informed that a certain negro man would transport and deliver a gallon of red liquor to a certain place, 605 East Main Street, that two colored men would be together, one walking in front of the other, and that the whiskey would be concealed under the coat of one of the men. The officer repaired to the spot and when the suspected men passed and approached the destination fixed, the informant of the officer, who was present, pointed out the man accused of committing this felony, whereupon the officer, who did not personally know the negro, but who had previously had some information regarding him, placed him under arrest and discovered the liquor concealed on his person. The officer subsequently had this liquor measured, with the result above stated.

■ Counsel refer to *Harlow* v. *State*, 159 Tenn., 537, as supporting the insistence that this arrest was illegal. This case is not in point. It was not a case of arresting upon information, followed by identification, such as we have here. The distinction must be recognized between the authority of a peace officer to arrest without a warrant for a felony on the one hand, and a misdemeanor on the other. This distinction is pointed out in *Dittberner* v. *State*, 155 Tenn., 102. And see *Pesterfield et al.* v. *Vickers*, 3 Cold., 205. Replying to a petition to rehear in *Dittberner* v. *State*, *supra*, this court quoted from the unreported case of *Howard Martin* v. *State*, and approved the following:

"The distinction must not be overlooked between the statutory provisions applicable to arrests by an officer in felonies and in misdemeanors. The subsections of Shannon's Code, 6997, particularly in point, are as follows: An Officer may arrest without a warrant:

" ' (2) When the person has committed a felony, though not in his presence.

" ' (3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

" ' (4) On a charge made, upon a reasonable cause, of the commission of a felony by the person arrested.'

"The substance of these provisions is that an officer may lawfully proceed to arrest without a warrant any person when the officer has, with reasonable cause, been led to believe that the person has committed, is committing, or is about to commit a felony. It is essential to the protection of society that a wide discretion be vested in officers chosen to enforce our laws against felonies. It is impossible to define 'reasonable cause' in terms to fit all cases arising. Each case must stand on its own facts. A narrow construction would open the way for the escape of desperate criminals and the defeat of justice. One too liberal would lead to the harrassment of the innocent. But the officer may not be required to wait for assurance, for evidence which would convict; when circumstances fairly point to a felony it is his duty to act, and act promptly."

The precise question now presented is whether or not the officer was authorized to make this arrest on information as to the commission of the felony, supported by positive identification of the accused by the informant, without having himself seen the crime committed, or witnessed any evidence of its commission.

In *Lewis* v. *State*, 3 Head, 127, on an appeal from a conviction of murder by parties who had slain officers who were attempting to arrest the parties, without a warrant, upon accusation, or information only, that they

had committed the offense of forgery, this Court held that the officers were authorized by our statutory provisions to make the arrest upon this information, which the court treated as "reasonable cause."

Authorities generally appear to recognize a definite accusation by a reliable party as reasonable cause for belief on the part of the officer of the commission of a felony. It has been said that the reason why an officer may lawfully act without a warrant, on the information of another, is that when such a grave charge as felony is made he must act at once, or justice will be brought to a stand and defeated. Many authorities are cited in 5 C. J., page 417, for the rule that the officer may lawfully arrest upon information imparted to him by reliable and credible third persons, provided there are no circumstances known to the officer sufficient to materially impeach the information received.

In *Chandler* v. *Rutherford,* 101 Fed., 774-778, it is said that the information must be "such as would justify a reasonable man in believing that the particular person arrested was guilty of a felony." We approve and adopt this statement of the rule.

In *Eanes* v. *State,* 5 Humph., 53, a prosecution of a Constable for assault and battery, in that he had made an arrest on a charge of murder without a warrant, this court reversed the conviction for error in the charge, holding that it was necessary only that the officer arresting a supposed felon without a warrant should "act in good faith, and upon grounds of probable suspicion that the person arrested is the actual felon."

It is said in *Kirk* v. *Garrett,* 84 Md., 383, 406, that "it may be broadly stated that what amounts to probable cause in cases of malicious prosecution will amount to

such reasonable grounds for suspicion of felony as will justify and require an officer to make an arrest."

■ In the instant case it is apparent that the officer acted in good faith on a belief in the information conveyed to him. The fact that the informant gave his information in such detail, that this advance information was corroborated by the appearance at the time and place of the party accused, further supported by the appearance of the informant on the spot and his identification of the accused, are circumstances which, taken together, afforded a reasonable cause under our statute for the arrest. The arrest having been lawfully made the search which followed was lawful, and the testimony admissible.

The judgment is affirmed.