FUQUA *v.* STATE.

(*Nashville,* December Term, 1938.)

Opinion filed July 1, 1939.

D. N. HESTER, of Gallatin, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE COOK delivered the opinion of the Court.

The plaintiff in error, referred to as defendant, was convicted of transporting intoxicating liquor. The jury assessed a fine of one hundred dollars and the trial judge added additional punishment of six months' imprisonment. The defendant appealed and insists that the conviction should be reversed because the evidence was obtained by an unlawful arrest and search and should have been excluded.

Luther Cline, a constable, who arrested defendant, testified that he, Everett Cline, and Zeb Cline, were driving toward Oak Grove, in Sumner County, Tennessee, in a car, and that he saw the defendant approaching in an automobile which weaved back and forth across the road as it approached their car, and as it got near the car he was riding in, the defendant crowded their car out of the road and went on down the road; that he and the others turned their car around and pursued the defendant for a short distance and that the defendant's car weaved back and forth across the road after it passed them; that they overtook the defendant and stopped him and when defendant got out of the car he was drunk. Thereupon, he arrested the defendant, Aaron Fuqua, for reckless driving and being drunk, searched his car, and found three and one-half gallons of whiskey under the back seat of the car.

The testimony of Everett Cline and Zeb Cline was the same in substance as that of Luther Cline. The evidence was objected to because the discovery of the whiskey in defendant's car did not tend to prove the offense for which he was arrested, and the evidence should have been excluded by the trial judge under the rules stated in *Elliott* v. *State*, 173 Tenn., 203, 116 S. W. (2d), 1009.

*Elliott* v. *State, supra,* is to be distinguished from the case under review. In that case the rule is recognized that when the evidence discovered by the arrest bears reasonable relation to the offense for which the arrest was made, it is admissible. In the *Elliott Case* the defendants were arrested upon a charge of violating traffic regulations. After the arrest, their car was searched and whiskey found in it. The arrest for traffic regulation bore no relation to the possession of whiskey. Moreover, it was inferable from the facts of the *Elliott Case* that the arrest for violating traffic regulations was a pretext for searching the automobile. In this case, the defendant's conduct in driving his car gave the officer probable cause to believe that he was drunk, and, when the officer stopped the car, he ascertained that defendant was drunk and arrested him. The whiskey found in defendant's car after the arrest had reasonable relation to the offense of public drunkenness for which the arrest was made. The possession of whiskey tended to evidence his guilt of the offense of public drunkenness, and in such circumstances the evidence was admissible.

The defendant did not testify and introduced no evidence. Proof on behalf of the State establishes guilt, and there being no error in the admission of the evidence complained of, the judgment is affirmed.