THOMPSON *v.* STATE.

(*Jackson,* April Term, 1947.)

Opinion filed June 26, 1947.

GOODLETT & GOODLETT, of Clarksville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant was convicted for the felonious transportation of six cases of intoxicating liquor and his punishment fixed at not more than three years in the State penitentiary.

The defendant is a former highway patrolman. On the day in question J. T. Phelps, Division Chief of the Highway Patrol of West Tennessee, received information by telephone at his office in Memphis that defendant would bring a load of whisky from Kentucky through Clarksville and Dover into Henry County within the next day or two. Phelps went immediately to Henry County and swore out a search warrant for the defendant. In about thirty minutes after he had obtained the search warrant the defendant drove his car from Stewart County into Henry County on the Scott Fitzhugh bridge over the Tennessee River near Paris. It seems that Phelps' informant had given him the license number and a description of the defendant's car.

The search warrant is attacked on various grounds.

■ This Court has recognized that officers must act with promptness in enforcing the law. The distinction must be recognized between the authority of a peace officer to arrest without a warrant for a felony on the one hand and a misdemeanor on the other. This distinction is pointed out in *Dittberner* v. *State,* 155 Tenn. 102, 291 S. W. 839. In replying to a petition to rehear in that case, this Court quoted with approval from the unreported case of *Howard Martin* v. *State* (Shelby Criminal, December 11, 1926), at pages 105 and 106 of 155 Tenn., at page 840 of 291 S. W., as follows:

" 'The distinction must not be overlooked between the statutory provisions applicable to arrests by an officer in

felonies and in misdemeanors. The subsections of Shannon' Code, 6997 (Williams' Code, sec. 11536), partcularly in point, are as follows: An officer may arrest without a warrant:

" ' " (2) When the person has committed a felony, though not in his presence.

" ' " (3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

" ' " (4) On a charge made, upon a reasonable cause, of the commission of a felony by the person arrested."

" 'The substance of these provisions is that an officer may lawfully proceed to arrest without a warrant any person when the officer has, with reasonable cause, been led to believe that the person has committed, is committing, or is about to commit a felony. It is essential to the protection of society that a wide discretion be vested in officers chosen to enforce our laws against felonies. It is impossible to define "reasonable cause" in terms to fit all cases arising. Each case must stand on its own facts. A narrow construction would open the way for the escape of desperate criminals and the defeat of justice. One too liberal would lead to the harassment of the innocent. But the officer may not be required to wait for assurance, or evidence which would convict; When circumstances fairly point to a felony it is his duty to act, and act promptly.' "

In *Jones* v. *State*, 161 Tenn. 370, 373, 374, 375, 33 S. W. (2d) 59, 60, this Court said:

" The precise question now presented is whether or not the officer was authorized to make this arrest on information as to the commission of the felony, supported by positive identification of the accused by the informant,

without having himself seen the crime committed, or witnessed any evidence of its commission.

.    .    .    .    .    .    .

"In *Chandler* v. *Rutherford*, 8 Cir., 101 F. 774, 778, it is said that the information must be 'such as would justify a reasonable man in believing that the particular person arrested was guilty of a felony.' We approve and adopt this statement of the rule.

.    .    .    .    .    .    .

"In the instant case it is apparent that the officer acted in good faith on a belief in the information conveyed to him. The fact that the informant gave his information in such detail, that this advance information was corroborated by the appearance at the time and place of the party accused, further supported by the appearance of the informant on the spot and his identification of the accused, are circumstances which, taken together, afforded a reasonable cause under our statute for the arrest. The arrest having been lawfully made, the search which followed was lawful, and the testimony admissible."

In *Dittberner* v. *State, supra,* this Court has laid down the rule that when circumstances fairly point to the commission of a felony, it is the duty of an officer to act promptly. For this purpose the Highway Patrol is manned by officers who are trained and furnished with fast-moving automobiles and motorcycles in order that prompt and efficient action may be taken when crimes are committed, or about to be committed. Delay oftentimes would defeat justice and be a detriment to society. Under the authorities cited above, it is unnecessary to consider the various attacks made on the search warrant,

or for that matter to give any consideration to the search warrant.

It results that all the assignments of error are overruled and the judgment of the lower court is affirmed.

All concur.