## Duncan *v.* State.

*(Knoxville,* September Term, 1950.)

Opinion filed December 9, 1950.

Wood, Dietzen & Parks, of Chattanooga, for plaintiff in error.

J. Malcolm Shull, Asst. Atty. Gen., for the State.

Mr. Justice Gailor delivered the opinion of the Court.

Defendant appeals from conviction of (1) violating the automobile registration law, Code, Section 1152.14, by driving an automobile on the public highway with no front license tag, and (2) carrying a pistol with intent to go armed.

Since the only evidence introduced at the trial was that of the policeman who made the arrest, and since his evidence clearly proves the guilt of the Defendant on both charges, the two assignments of error on the sufficiency of the evidence do not merit serious consideration, and evidently are made only as a matter of form. We will consider the third assignment of error which is to the effect that the search by which the evidence was obtained to support the conviction of carrying a pistol, was illegal and, therefore, the evidence inadmissible.

On or about February 4th, 1950, at about 1:30 in the morning, Leroy Kingston, a Chattanooga policeman and the only witness for the State or for the defense, with another policeman, was patroling his beat in a squad car. A car passed with no front license plate, and when the officer saw the rear license number, he recognized it as one for which he had been instructed to be on the look-out. The officers stopped the car and when Kingston approached on foot, he recognized the Defendant Duncan sitting on the front seat of the car, which was being driven by a Negro. The officer knew Duncan as a convicted thief and a dangerous man, and made

a legal arrest for driving an automobile in violation of the registration law, Code, Section 1152.14. As Duncan got out of the car, the officer patted his pockets to see that he had no weapon, and then opened the glove compartment of the automobile and there found a loaded .38 revolver which was introduced in evidence and is the basis for the conviction. Duncan admitted to the officer that the automobile and the pistol were his property. Duncan's arrest for violating the automobile registration law being in all respects legal, search of his person and property for deadly weapons was legal and proper. *Elliott* v. *State,* 173 Tenn. 203, 210, 116 S. W. (2d) 1009.

There is a wealth of authority to illustrate the rule that when one is legally arrested for an offense, whatever is found upon his person or in his control, which it is unlawful for him to have, which may aid him in resisting arrest or effecting his escape, or which may be used to prove the offense for which he was arrested, may be seized and introduced in evidence. *Hughes* v. *State,* 145 Tenn. 544, 238 S. W. 588, 20 A. L. R. 639; 32 A. L. R. 682; *Goodwin* v. *State,* 148 Tenn. 682, 257 S. W. 79; 32 A. L. R. 682; *Dittberner* v. *State,* 155 Tenn. 102, 291 S. W. 839; *Henderson* v. *U. S.,* 4 Cir., 12 F. (2d) 528, 51 A. L. R. 424; *Jones* v. *State,* 161 Tenn. 370, 33 S. W. (2d) 59; *U. S.* v. *Poller,* 2 Cir., 43 F. (2d) 911, 74 A. L. R. 1387; 82 A. L. R. 782, Annotation.

The rules stated in *Elliott* v. *State,* supra, and *Fuqua* v. *State,* 175 Tenn. 11, 130 S. W. (2d) 125, support the reasonableness and legality of the search in the present case.

All assignments of error are overruled and the judgment is affirmed.

All concur.