STATE OF TENNESSEE, Petitioner,

*v.*

WILLIAM A. TOLDEN, Respondent.

451 S.W.2d 432.

(*Knoxville*, September Term, 1969.)

Opinion filed December 15, 1969.

DAVID M. PACK, Attorney General, and PAUL E. JENNINGS, Assistant Attorney General, Nashville, and WILLIAM H. ORTWEIN, Assistant District Attorney General, Chattanooga, for petitioner.

ROBERT W. SUMMAR, Chattanooga, for respondent.

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

This case comes to this Court by grant of the writ of certiorari. The issue is whether the officers had reasonable cause to make the arrest, same being for a felony. The issue was determined by the trial judge adverse to the respondent Tolden. The Court of Criminal Appeals has determined the issue favorably to respondent Tolden and dismissed the cause. We affirm the trial judge.

The facts upon which the officers made the arrest are as follows:

About 6:30 o'clock, A.M., on October 6, 1967, two officers of the City of Chattanooga, Tennessee, received by word of mouth from a reliable informer the following

information: That between the hours of 7:00 and 8:00 o'clock, A.M. of that morning an old model green Buick, driven by a colored male with a physical defect, would pass through the intersection of Twenty-Fourth Street and Dobbs Avenue in the City of Chattanooga, with unstamped whiskey in the car. The officers having previously received reliable information from this informant went to this intersection to be on the lookout for this described car and driver. About 8:45 o'clock, A.M., a 1953 Buick, color white over green, driven by a male, colored, entered the intersection. The officers recognized the driver of the Buick as being the respondent Tolden, and knew that he had a physical defect. Respondent Tolden was arrested and eleven gallons of unstamped whiskey was found in the car.

T.C.A. sec. 40-803 authorizes an officer to make an arrest without a warrant by the following language:

(2) When the person has committed a felony, though not in his presence.

(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

In *Jones v. State,* 161 Tenn. 370, 33 S.W.2d 59 (1930), this Court commented upon the above copied portions of T.C.A. sec. 40-803 as follows:

The substance of these provisions is that an officer may lawfully proceed to arrest without a warrant any person when the officer has, with reasonable cause, been led to believe that the person has committed, is committing, or is about to commit a felony. It is essential to the protection of society that a wide discretion be vested in

officers chosen to enforce our laws against felonies. It is impossible to define "reasonable cause" in terms to fit all cases arising. Each case must stand on its own facts. A narrow construction would open the way for the escape of desperate criminals and the defeat of justice. One too liberal would lead to the harassment of the innocent. But the officer may not be required to wait for assurance, for evidence which would convict; when circumstances fairly point to a felony it is his duty to act, and act promptly. 161 Tenn. at 373, 33 S.W.2d at 60.

In *Beck v. State of Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964), the Court stated:

Whether that arrest was constitutionally valid depends * * * upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed * * * an offense.

The issue here will depend on whether the officers at the time respondent Tolden drove through the intersection had reasonable cause to believe respondent Tolden was committing a felony; that is, transporting unstamped whiskey.

Respondent Tolden argues the fact the officers had no information as to the model of the car, license number, or any other fact about the car, making it possible to distinguish it from any other similar cars, demonstrates the officers had no reasonable cause to believe that he was committing a felony. We agree these factors should be

considered but the weakness of this argument is that it is directed solely to identification of the car. The judgment on the issue here is made by taking into consideration all the circumstances which include the reliability of the informant, the identity of the car, the identity of the driver of the car, the identity of the crime, and the time and place.

Under all the circumstances we think the officers had reasonable cause to make this arrest. While it can be argued the identity of the car given the officers was general in nature, we think any failure here is more than removed by the identity given the officers that the driver would be a colored male, and have a physical defect. The identity of the car and driver viewed in light of the information that said car and driver would pass through a particular intersection at a given time with unstamped whiskey therein gave the officers reasonable cause to believe the driver of the car was committing a felony. Under the circumstances here we attach no importance to the fact that the informant told officers the car would be at the intersection between the hours of 7:00 and 8:00 o'clock, A.M., when, in fact, it arrived forty-five minutes later.

The judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court is affirmed.

CRESON, JUSTICE and JENKINS and BOZEMAN, SPECIAL JUSTICES, concur.

MCCANLESS, JUSTICE, not participating.