CHARLES EDWARD DAVIS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

453 S.W.2d 438.

Court of Criminal Appeals of Tennessee. Jan. 26, 1970.

Certiorari Denied by Supreme Court April 6, 1970.

Hugh W. Stanton, Jr., Edward G. Thompson, Asst. Public Defenders, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Billy F. Gray, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

RUSSELL, Judge.

The plaintiff in error, Charles Edward Davis, indigent and represented by the Public Defender, was convicted of third degree burglary and sentenced to not more than

seven (7) years in the penitentiary for his participation in the burglarizing of the Ace Furniture Company in Shelby County on April 26, 1968, from which three television sets were stolen. This appeal in the nature of a writ of error assigns as error the alleged insufficiency of the convicting evidence, the introduction into evidence and reference by various witnesses to a photograph of four television sets, the introduction into evidence of Davis' confession (and refusal to delete certain portions thereof), the sustaining of State objections to certain questions propounded to witness Bobby Miller, the comments of the trial judge that defense counsel had "blown out of proportion" the matter of the television photograph, and the trial court's failure upon motion to instruct the jury to disregard certain portions of the argument of the prosecuting attorney.

Only three of the assignments are argued. It is contended that the confessions of Davis were inadmissible, not because of inadequate *Miranda* warnings or coercion, but because he allegedly had been illegally arrested prior to his interrogation. Briefly summarized, the arresting officer arrested Davis without a warrant and booked him upon "suspicion of burglary" because one Raymond Stewart admitted being involved in another burglary at the same place and under questioning named Davis as one of those involved in other burglaries there; and, in addition, the arresting officer's superior, one Lt. Hughes, told him that he wanted Davis taken into custody for investigation in the case.

Under Tennessee law an officer is authorized to make an arrest without a warrant when he has "reasonable cause" for believing the person arrested to have com-

mitted a felony. Reasonable cause has been identified to be such as would justify a reasonable man to believe that a particular person arrested was guilty of a felony. Here, the officer knew that a private individual being investigated by city authorities had given information that the plaintiff in error had committed this burglary. His superior officer then directed this officer to arrest Davis for investigation of such charge.

Our Supreme Court, in an opinion written by Mr. Chief Justice Dyer and filed December 15, 1969, in the case of State v. Tolden, 451 S.W.2d 432, set out the rule on this question with commendable clarity. We quote from that case:

"T.C.A. § 40-803 authorizes an officer to make an arrest without a warrant by the following language:

'(2) When the person has committed a felony, though not in his presence.

'(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.'

"In Jones v. State, 161 Tenn. 370, 33 S.W.2d 59 (1930), this Court commented upon the above copied portions of T.C.A. § 40-803 as follows:

'The substance of these provisions is that an officer may lawfully proceed to arrest without a warrant any person when the officer has, with reasonable cause, been led to believe that the person has committed, is committing, or is about to commit a felony. It is essential to the protection of society that a wide discretion be vested in officers chosen to enforce our laws against felonies. It is impossible to define 'reasonable

cause' in terms to fit all cases arising. Each case must stand on its own facts. A narrow construction would open the way for the escape of desperate criminals and the defeat of justice. One too liberal would lead to the harassment of the innocent. But the officer may not be required to wait for assurance, for evidence which would convict; when circumstances fairly point to a felony it is his duty to act, and act promptly. 161 Tenn. at 373, 33 S.W.2d at 60.

"In Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964), the Court stated:

'Whether that arrest was constitutionally valid depends * * * upon whether, at the moment the arrest was made, the officers had probable cause to make it —whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trust-worthy information were sufficient to warrant a prudent man in believing that the petitioner had committed * * * an offense.' "

We hold that the arrest in the case sub judice was predicated upon reasonable cause and was a valid warrantless arrest.

■ ■ The second assignment argued has to do with the introduction into evidence of a photograph of four television sets, including the three taken in this burglary and one other, while they were in the custody of the sheriff. Apparently, it was determined that the sets should be returned to their lawful owner, after they had been positively identified from a comparison of his records and their identification numbers, and the photograph taken to be used in evidence in lieu of the actual

sets. Apparently this procedure is now contended to be a violation of the best evidence rule. Throughout the trial, whenever the photograph was alluded to, it precipitated vigorous objections and finally resulted in the trial Court's complained of remark that defense counsel had "blown out of proportion" the matter of the photograph. We, quite candidly, agree with the trial Court's analysis. The three sets in the picture stolen in this burglary were positively identified by serial numbers in an examination prior to the picture taking, and were also otherwise identified by witnesses who had purchased the sets from the thieves. Although the photograph was unnecessary, and of questionable convicting value in and of itself, it certainly was relevant and competent and did not violate the best evidence rule. Such a holding would virtually negate the use of photographs as evidence, if the subject were always the best evidence. Such a photograph, without the other proof which positively identified the sets, would have been rather unconvincing. We might add, in this case there was no real issue of disputed fact as to what was stolen or from whom it was recovered. We overrule this assignment.

■ The third assignment argued has to do with Davis' confession. Certain parts were deleted because they involved other crimes. However, the following was left in:

> "I knocked out of gear, gave it a little push and when I got it out to the street, I cranked it up * * * I was driving and ran into a roadblock. We made a U turn and outran the police car to Sachs and Mitchell and then we jumped out and ran and we got away from them."

It is argued that by leaving in the roadblock statement which had occurred the day before and the references to how the automobile was started "the jury could easily infer that the automobile had been stolen." This portion of the confession was in reference to Davis' admission that he stole an automobile with which to transport the television sets. The trial judge and the attorneys went over the confession prior to its introduction and deleted the plain references to other offenses. The trial judge was faced with a judgment, in view of the need to retain the sense and continuity of the statement, as to whether or not the complained of portions were prejudicial and irrelevant. We find no prejudicial error.

The evidence clearly does not preponderate against the verdict of guilty. The accused testified and did not deny the crime. The thrust of the defense effort was to keep out Davis' confession. It was found by the judge, and presumably by the jury, to be freely and voluntarily given after full and understood advice of constitutional rights and waiver of counsel. The confessions detailed the crime, and from them the stolen property was recovered.

The other assignments, though not argued, have been carefully examined and found to be without merit.

The judgment of the trial court is affirmed. We note that the judgment and sentence fail to specify the minimum number of years to be served. The law sets the minimum at three (3) years for third degree burglary. The judgment of the trial court is modified to reflect a sentence of not less than three (3) years nor more than seven (7) years in the penitentiary.

HYDER and MITCHELL, JJ., concur.