**David Leon STINSON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Dec. 7, 1978.

Certiorari Denied by Supreme
Court March 5, 1979.

Edward G. Thompson, Shelby County Public Defender, Walker Gwinn and Larry Moore, Asst. Public Defenders, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Richard S. Maxwell, Asst. Atty. Gen., Nashville, Edgar A. Peterson, IV, Asst. Atty. Gen., Memphis, for appellee.

OPINION

TATUM, Judge.

The appellant David Leon Stinson, has appealed his conviction for receiving stolen property with punishment of not less than nor more than three years in the State penitentiary. The only question involved on this appeal is whether the trial judge erred in overruling the appellant's pre-trial motion to suppress which attacks the unlawfulness of the appellant's arrest and the constitutionality of a seizure made at the time of the arrest. We find the trial judge's ruling on the motion was correct and affirm his judgment.

The appellant was arrested on 9 August 1977 during the daytime in the business section of downtown Memphis. Two uniformed police officers were walking down an alley when the appellant, looking over his shoulder, entered the alley and walked toward them. The appellant was carrying a bundle of what appeared to be new unpackaged clothing. When the appellant was about 15 feet from the officers, he turned his head around and saw them; he looked "shocked" at seeing the officers and he immediately "spinned around" and started walking in the opposite direction. The policeman called the appellant and he came to them. They observed that the bundle of clothing was three men's suits which were on coathangers and still had tags on them.

He told the officers that he did not work in the area and had bought the clothing from an unknown individual on the street who was "supposed" to still be there. He offered to give the clothing to the officers if they would let him go. The appellant led the officers to the spot where the alleged sale had been made, but the person was not there. The officers then arrested the appellant for grand larceny, and seized the clothing. After the appellant was incarcerated, further investigation revealed that the suits were missing from Daileys Credit Clothing at 100 South Main Street in. Memphis.

The observations of the police officers and the conduct of the appellant before the officers detained him gave the officers reasonable ground upon which to base a "founded suspicion" that the bundle was stolen merchandise; consequently, the appellant's detention was not arbitrary or harassing. The officers, under the circumstances, had both the right and duty to detain the appellant initially for further investigation. *State v. McLennan,* 503 S.W.2d 909 (Tenn.1973).

After detaining the appellant, the officers observed that the clothing still bore tags, was unpackaged, and apparently new. The appellant attempted to bribe the officers with the clothing and did not give a reasonable account for his possession of the clothing. These facts gave the officers probable cause to believe that the clothing was recently stolen and that the appellant had committed a felony in connection therewith. See *Bush v. State,* Tenn., 541 S.W.2d 391 (1976). The arrest was lawful. *Jones v. State,* 161 Tenn. 370, 33 S.W.2d 59 (1930); *Dittberner v. State,* 155 Tenn. 102, 291 S.W. 839 (1927); *Davis v. State,* 2 Tenn.Cr.App. 297, 453 S.W.2d 438 (1970). It is elementary that the lawful arrest authorized the seizure of the clothing. *Graham v. State,* 218 Tenn. 453, 404 S.W.2d 475 (1966); *Fox v. State,* 214 Tenn. 694, 383 S.W.2d 25 (1964).

The main thrust of the appellant's argument is that the arrest was unlawful because the officers "had no information regarding any stolen suits in the area." The officers did not know from whom the suits had been stolen until the next day. The appellant argues that this circumstance renders a warrantless search illegal, but he cites no authority in support of this proposition and we have found none. In *People v. Moore,* 13 Cal.App.3d 424, 435, 91 Cal.Rptr. 538, 545 (1970), the California court had no difficulty in dealing with this question:

It is also argued that the arrest was illegal because Lee was not aware of any particular felony which Moore had committed. This circumstance is hardly determinative. If a known professional burglar walks down the street furtively carrying a small safe with physical indications that it has lately been ripped out of a wall, no one would deny a peace officer's right to make an arrest although he has no information concerning the particular burglary which produced the safe.

We hold that neither the absence of a complaint to the police by the victim of the crime, nor the police's lack of knowledge of the identity of the owner of the stolen property rendered the arrest illegal.

The judgment of the trial court is affirmed.

DWYER and O'BRIEN, JJ., concur.