STATE of Tennessee, Appellee,

v.

**Melvin TAYLOR, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Aug. 11, 1983.

Permission to Appeal Denied by Supreme Court Oct. 24, 1983.

William M. Leech, Jr., Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Ronald E. Miller, David Komisar, Asst. Dist. Attys. Gen., Nashville, for appellee.

Kenneth J. Ries, Morrow, Ga., Richard McGee, Metropolitan Public Defender's Office, Nashville, for appellant.

## OPINION

WALKER, Presiding Judge.

Considering a four count indictment, the jury found the appellant, Melvin Taylor, guilty of burglary in the second degree with possession of a firearm and fixed punishment at ten to 12 years in the penitentiary; grand larceny with punishment of three to six years; attempt to commit a felony, concealing stolen property, with punishment of three to six years. In the bifurcated trial, with the armed burglary as the triggering offense, the jury found Taylor guilty of being an habitual criminal. In accordance with the verdict, the trial judge sentenced him to life imprisonment as enhanced punishment for the armed burglary conviction. Since he was sentenced only under the armed burglary count and the habitual criminal count, his issues on appeal concern only those counts.

Taylor maintains that the trial court erred in denying his motion to suppress evidence obtained at the time of his allegedly illegal arrest and in granting the state's motion to amend the indictment. He also complains that he did not have a firearm in his possession at the time of breaking and entering and thus cannot be convicted under the enhancement provisions of TCA § 39–3–403. He also argues the trial judge erred in admitting evidence of his attempt to escape from jail, and maintains that fingerprint and photographic evidence of his prison records introduced in the habitual criminal phase should have been excluded because the state did not disclose its intention to use this evidence until trial. Appellant also complains that the trial judge should have submitted both armed burglary and grand larceny, listed as triggering offenses in the habitual criminal count of the indictment, to the jury instead of only burglary with possession of a firearm.

We first consider the appellant's contention that his warrantless arrest was unlawful and the evidence obtained by it should have been suppressed.

■■■ Appellant was arrested at the scene of the burglary. On October 5, 1981, around 12:00 p.m., several Metro police officers received and responded to a radio dispatch announcing a burglary in progress at 116 47th Avenue, North, in Nashville. Officer Morty Dickens, first to arrive, went to the rear of the duplex and saw appellant open the rear door, look both ways and start to run away from the residence. Appellant had a holstered pistol in his right hand and jewelry was dangling from his pockets. His hand was on the trigger guard to the pistol. Dickens ordered appellant to freeze and then disarmed him. Another officer found that the screen on a window in the front of the duplex had been cut.

"Whether (an) arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it— whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner committed or was committing an offense." *Beck v. Ohio,* 379 U.S.

89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145 (1964); accord *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 2632, 61 L.Ed.2d 343, 349 (1979).

Although a radio dispatch derived from information given from an anonymous informant may not alone be sufficient to constitute probable cause for an arrest, it may be considered along with other facts and circumstances known to the officer. *Greer v. State*, 1 Tenn.Cr.App. 407, 443 S.W.2d 681 (1969). The presence of appellant at the reported burglary scene, engaged in commission of the offense, corroborated the radio dispatch. The totality of the circumstances established abundant probable cause to arrest the appellant. See *State v. Tolden*, 224 Tenn. 119, 451 S.W.2d 432 (1969). The same circumstances described by testimony from the state's witnesses were also sufficient to sustain appellant's conviction. T.R.A.P. 13(e). The first issue is meritless.

Second, the appellant says that the court erred in granting the state's motion to amend count four of the indictment, that being the habitual criminal count.

■ One week before trial the state filed a motion to strike the middle name of the appellant from each of the four enumerated prior convictions; to substitute "selling controlled substance" for "selling heroin" in two of the convictions; and to change the docket number of one of the prior robbery convictions from B–8758 to B–8945. After the appellant had been convicted on the first three counts but before the jury was sworn to try the habitual criminal count, the court permitted the amendments over the appellant's objection.

Although the amendments were allowed after jeopardy had attached, we find no prejudice to the appellant. He was sufficiently informed under the original indictment and no substantial rights were damaged. Under the principles laid down in *State v. Cox*, 644 S.W.2d 692, 696 (Tenn.Cr.App.1982), there would have been no fatal variance if trial had proceeded without the amendments.

The allegations of the unamended indictment were quite sufficient to advise the accused of what convictions he must be prepared to defend and he was not misled in the slightest respect as to the convictions referred to in this count. Nor were any of Taylor's potential defenses destroyed by the amendment. See *Cumbo v. State*, 205 Tenn. 260, 326 S.W.2d 454 (1959). The amendments were properly allowed and this issue is meritless.

■ Third, appellant was properly convicted of TCA § 39–3–403(b)(3) which provides enhanced punishment for those found to be in possession of a firearm at the time of breaking and entering a residence during the day. The evidence, accredited by the jury, shows that appellant obtained the pistol which he pointed at Officer Dickens from inside the burglarized dwelling. Our supreme court has held that breaking and entering in TCA 39–3–403(b)(3) means burglary and possession of a firearm by the burglar at any time during the commission of the offense is sufficient to enhance punishment. *Walker v. State*, 606 S.W.2d 531, 533 (Tenn.1980). The danger to human life from possession of a firearm which the enhancement provision was enacted to deter was present at appellant's confrontation with police. Appellant's third issue is without merit.

■ Fourth, the trial judge properly admitted evidence of appellant's attempted escape from the jail booking room shortly after arrest. It is universally recognized that testimony as to flight, attempted flight or concealment after the commission of an offense or after one is accused of a crime is relevant evidence which may be shown as a criminating circumstance, particularly where such conduct is apparently inconsistent with the idea of innocence. *Jones v. State*, 580 S.W.2d 329, 332 (Tenn.Cr.App. 1978). The existence of other pending charges against the appellant did not make his flight irrelevant to this trial. Attempted escape when in confinement on multiple charges is relevant on the trial of each. *Chapple v. State*, 528 S.W.2d 62, 63 (Tenn. Cr.App.1975).

The admission of testimony of two state witnesses in order to identify appellant as a convicted felon during the habitual criminal stage of the trial was not reversible error. However, the state had a duty to disclose its intention to use these witnesses as soon as practicable after the defense discovery motion filed January 28, 1982, and after the motion to compel discovery filed September 8, 1982, specifically asking for the witnesses and documents which the prosecution intended to use during the habitual criminal stage of the trial. *State v. Benson,* 645 S.W.2d 423 (Tenn.Cr.App.1983); Tenn.R.Crim.P. 16(1)(C); A.B.A. Standards for Criminal Justice 2nd ed. (1980) §§ 11–2.1, 11–2.2. However, review of the record of the entire habitual criminal phase of the trial containing abundant other proof of appellant's prior convictions including copies of the convicting court's minute entries convinces this court that admission of the additional proof was harmless beyond a reasonable doubt. *State v. Crawford,* 620 S.W.2d 543, 546 (Tenn.Cr.App.1981) T.R.A.P. 36(b).

Finally, the trial court did not err in submitting to the jury only one of the two eligible triggering offenses during the habitual criminal stage of the bifurcated trial. Defense counsel moved to dismiss the habitual criminal count of appellant's indictment because of multiple triggering offenses listed within it. In response to this motion, the trial judge submitted only second degree burglary with possession of a firearm. Appellant invited the court's instruction which was advantageous to him. T.R.A.P. 36(a).

All issues have been fully considered and are overruled. The judgment is affirmed.

DUNCAN and SCOTT, JJ., concur.