STATE of Tennessee, Appellee,

v.

James William TOWNSEND, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

Dec. 12, 1984.

Permission to Appeal Denied by
Supreme Court April 1, 1985.

Thomas E. Weakley, Dyersburg, Charles Curbo, Memphis, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Raymond S. Leathers, Asst. Atty. Gen., Nashville, Lyman Ingram, Asst. Dist. Atty. Gen., Dyersburg, for appellee.

## OPINION

DWYER, Judge.

A Lake County jury sentenced appellant to confinement for thirty years for committing the offense of robbery with a deadly weapon. *See* T.C.A. § 39–2–501. There are twelve issues presented on his appeal as of right. *See* T.R.A.P. 3(b).

The first issue questions the sufficiency of the evidence. On February 12, 1980, at 5:00 p.m., the Bryant's jewelry store in Tiptonville was held up by two male blacks. One was armed with a sawed-off shotgun. The owners of the store, Mr. and Mrs. Cochran, were the only two persons in the store. The holdup man who accosted Mrs. Cochran with the shotgun was identified as an Ira Belk. The other man was identified by Mrs. Cochran as appellant. She related that he had been in the store earlier and had examined jewelry for some thirty or forty minutes. When he left she told her husband that she was suspicious of the man. During the holdup Mr. Cochran related that the shotgun was pointed in his face and he was instructed to get down on the floor. When he got on the floor, he was kicked in the head by the armed man. He identified Belk as the one with the shotgun. He did not see appellant.

During the ransacking of the store, Lisa Lovell entered the store and was promptly ordered by Belk to lie on the floor. She observed appellant behind one of the counters and identified him at trial.

Belk was identified by an acquaintance he passed on the street when they fled. A blue Lincoln Continental car seen at the crime sight was traced to the common-law wife of appellant in St. Louis. The value of merchandise and cash taken from the store was estimated at over $100,000. The appellant was arrested in California around August 1, 1980, and returned to Lake County in September of 1980. On November 16, 1980, while awaiting trial, he escaped from the Lake County Jail. The evidence reflects that he held a razor to an inmate's throat and fled when the cell door was unlocked.

The appellant testified, denying participation in the robbery. He denied being with Belk in the last five years. He testified that he had paid the sheriff, who was deceased at the time of trial, $500 to let him walk out of the jail.

Ira Belk testifying for the appellant, acknowledged robbing the store. He absolved appellant, relating that the other holdup man was a man named John Davis. He pled guilty earlier, receiving a twenty-year sentence.

On appeal the evidence is viewed in the strongest legitimate light to the theory of the State. *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978). With Mrs. Cochran and Ms. Lovell identifying appellant as one of the holdup men, plus other evidence as narrated, the evidence is sufficient and meets T.R.A.P. 13(e) requirements. The sufficiency of the evidence issue is overruled.

The second issue: Mr. Cochran made an unresponsive remark to a question by the State's attorney that the crime was a "Class X felony." The court's prompt instruction to disregard this statement cured any error here. *See State v. Tyler*, 598 S.W.2d 798, 802 (Tenn.Cr.App.1980).

Therefore, the trial court did not err in overruling the motion for mistrial.

The third issue: With appellant fleeing the scene of the crime and escaping from the jail after his arrest, the court did not err by instructing the jury on flight. *See State v. Taylor,* 661 S.W.2d 695, 698 (Tenn.Cr.App.1983); *Craig v. State,* 2 Tenn.Cr.App. 510, 455 S.W.2d 190, 193 (1970). This issue is overruled.

The fourth issue: When the prosecutor asked Mr. Cochran if he had insurance, there was an objection which was sustained. No answer was given. There is no error here.

The fifth issue: In its sound discretion the trial court may limit the time for argument. Tenn.R.Crim.P. 29.1(c). The court allowed appellant forty-five minutes. There is no error here. *See Brooks v. State,* 187 Tenn. 67, 77–78, 213 S.W.2d 7, 11–12 (1948).

The sixth issue: Since no identifiable fingerprints were found, the State did not withhold exculpatory evidence from appellant. In any event, the fact that no prints were found in the store was presented to the jury. This issue is overruled.

The seventh issue: The court erred by not excusing juror Jones from the jury for cause, because she worked across the street from the jewelry store. However, appellant was not prejudiced, for this juror was excused. This issue is overruled.

The eighth issue: In its discretion the trial court controls the voir dire of the jury. *State v. Jefferson,* 529 S.W.2d 674, 682 (Tenn.1975). In the absence of some "significant possibility" that a juror has been exposed to potential prejudicial material individual voir dire is not mandated. *Sommerville v. State,* 521 S.W.2d 792, 797 (Tenn.1975). There is no error here.

The ninth issue: The issue is predicated on the prosecutor's argument with references to religion. A review reflects no objection was made to the argument in one portion. In another instance the court ordered the prosecutor to move on to something else. Further, the court directed the prosecutor to refrain from religious commentary. The argument, if error, did not affect the results. This issue is overruled.

The tenth issue: There was no error in allowing the sheriff to remain at the prosecution's table during voir dire.

The eleventh issue: During closing argument the prosecutor related that the sheriff did not die as a rich man and he did not know whether the sheriff had enough money to pay his medical expenses. Since the objection was sustained with prompt instructions by the court for the jury to disregard the matters outside the evidence, there is no error here. When the prosecutor made reference to the deceased sheriff in rebuttal argument, appellant did not object. There is no error here. The statement about appellant's delay in being captured inuring to his benefit coupled with the remark that the sheriff had died concerned reasonable inferences from the facts. This issue is overruled.

The last issue: Appellant contends that because the prosecutor was sued by the appellant for not providing him with medical assistance in jail a conflict of interest arose. The argument is then made that the attorney general having a personal interest in the case should have recused himself. Because the issue is not in his motion for new trial, it is waived. T.R.A.P. 3(e); *See State v. Strouth,* 620 S.W.2d 467, 471 (Tenn.1981). Moreover, the petitions for medical treatment did not name the State attorney. The judgment of the trial court is affirmed.

O'BRIEN and SCOTT, JJ., concur.